## MERRIAM vs. FIELD.

*Express written warranty excludes proof of oral warranty — Does not exclude implied warranty. — Warranty implied in sale of lumber. — Counterclaim.*

1. Where a bill of sale contains some express warranties, *oral* proof of others is inadmissible.
2. Thus, where vendor of lumber executed a memorandum of the sale containing warranty of title and against incumbrances, vendee could not show an express *oral* warranty that the lumber was merchantable.
3. But where vendor was the manufacturer and vendee a lumber merchant, and the lumber, at the time of sale, was in rafts and incapable of inspection, there was an *implied* warranty that it was merchantable.
4. The defense of the statute of limitations, not being a counterclaim, evidence to meet it is admissible without a reply.

APPEAL from the Circuit Court for *Milwaukee* County.

The memorandum of sale referred to in the opinion in this case was as follows: "Know all men by these presents, that I, *Burgess P. Field*, of, etc., in consideration of amount of lumber agreed on, being seven hundred and fifty thousand feet, warranted free from any incumbrances, and against any adverse claims, and sell and convey to *B. D. Merriam*, having received payment in full for the same.    Witness my hand and seal, this 21st day of June, A. D. 1859.    BURGESS P. FIELD."

One ground of defense set up in the answer was, that no cause of action had accrued to the plaintiff within six years next previous to the commencement of the action.

The plaintiff appealed from a judgment for the defendant.

The nature of the questions presented in this court will appear sufficiently from the opinion, *infra*.

*Finches, Lynde & Miller*, for appellant.

*Wheeler & Waring* (with whom was *E. Mariner*), for respondent:

The fact that the lumber was in the water, is relied upon as bringing the case within the rule of goods sold at sea, so that the quality could not be inspected. But it was not impossible to inspect it, and unless impossible the rule of *caveat emptor* applies. *Hargous v. Stone*, 5 N. Y. 73, 88. 2. The writing contained some warranties; and the rule is, that when the contract contains express warranties, the court will not imply any. Story on Contracts (5th ed.), § 514; 1 Parsons on Con. 589. 3. There was certainly some testimony to support the verdict, and it must therefore stand. 11 Wis. 283. 4. The court should have instructed the jury to find a verdict for the defendant. The complaint shows that the statute of limitations had run against the demand, and the answer sets up that defense. Upon the pleadings there could not be a verdict for the plaintiff. The evidence to take the case out of the statute was received against the objection of the defendant, and cannot therefore avail the plaintiff to make out his complaint. 15 Wis. 55.

PAINE, J. This action was brought to recover damages for an alleged breach of warranty on the sale of lumber. A written note or memorandum of the sale was executed by the vendor, which was very informal, but contained an express warranty of title and against incumbrances, with no warranty that the lumber was merchantable. On the trial below, the plaintiff offered evidence to show that a large amount of the lumber was "culls," and that these were not merchantable lumber, and to show the difference between their value and that of merchantable lumber. This evidence was excluded, upon the ground that "culls" were included under the

general denomination of "lumber" (which is probably true), and that, as there was no warranty that the lumber was merchantable, the evidence offered was immaterial.

The plaintiff offered to show a warranty, by showing that the vendor represented the lumber to be merchantable at the time of the sale.   But this was excluded, upon the ground that it was an attempt to add to the terms of the written contract by parol.   This ruling was correct.   The plaintiff relied on a class of cases holding that although a bill of sale or other conveyance had been executed in writing, still, where such paper did not profess or attempt to express the entire agreement between the parties, but was merely executed in part performance of it, the whole agreement might be shown, although part of it rested in parol.   But the difficulty in applying that rule here is, that the written bill of sale does contain express warranties in respect to one or two particulars.   And where that is the case, it can no longer be said that the writing does not attempt to express the contract of the parties, so far as express warranties are concerned.   The presumption then is, that it expresses the whole contract, as to such warranties; and to allow others to be shown by proving verbal statements at the time of the sale would be in violation of the old and salutary rule against varying and adding to written contracts by parol evidence.

But the plaintiff also claims that, upon the facts proved and offered to be proved, there was an implied warranty that the lumber was merchantable.   It seems to be a rule, at least supported by the weight of authority, and one salutary and just in itself, that where goods are purchased which the purchaser has no opportunity to inspect, there is an implied warranty, not only that they shall come within the general description of the article for which they are purchased, but also that they shall be merchantable as such.   2 Story on Contracts,

§ 834, and cases cited. See also *Jones v. Just*, decided by the Court of Queen's Bench, and reported in the Law Reports, 3 Queen's Bench.

The question then is, whether, upon the facts here presented, this rule is applicable. I think it is. It appears that the lumber purchased was, at the time of the purchase, in rafts lying in the river. The testimony offered showed, what seems obvious enough in itself, that it is not possible for a purchaser of lumber so situated to inspect it sufficiently to determine whether it is all merchantable or not. With the exception of that on the top of the rafts, an examination of it is impracticable. It seems to be of precisely the same character as the instances mentioned in Story, of goods filling the hold of a ship so that nothing but the surface can be seen, or in bales, so that an examination of the center cannot be made without tearing each bale to pieces. Such cases are classed with purchases of goods at sea; and there seems to be no sufficient reason for any distinction between them. With the exception of the goods on the surface in the hold of the ship, or on the outside of the bales, or on the tops of the rafts, they are as incapable of inspection by the buyer in their then condition, as though they were in vessels at sea. It is true, that he might, before purchasing, insist on the goods being taken out of the ship, or the bales being opened, or the rafts taken out of the water. But so might the purchaser of goods at sea insist on delaying the completion of the contract until their arrival. This is not the question. The question is, whether the goods, in the condition they are in when offered for sale and purchased, are open to the inspection of the buyer. And that they are not in any of these cases, is apparent.

There are some other considerations that support the application of this rule in this case, and which in some instances constitute of themselves distinct grounds for an implied warranty. The vendor here was the manu-

facturer of the lumber, and doubtless knew the fact, if it was true, that a large amount of it was culls and unmerchantable. The plaintiff also was a lumber dealer, kept a lumber yard for the sale of lumber, and purchased this to supply the yard. The manufacturer must have known that he desired and expected lumber that was saleable. Whether these latter considerations, upon the facts here presented, would be sufficient alone to imply a warranty, need not be determined. But, taken in connection with the fact that the purchaser had no opportunity to inspect the lumber, they furnish a strong case for the application of the rule that there was an implied warranty upon that ground. This being so, the fact that the written memorandum contained certain express warranties upon other points, does not exclude this warranty which the law implies. *Bigge v. Parkinson*, 7 Hurl. & Nor. 955.

As the defense of the statute of limitations does not constitute a counterclaim, the evidence to rebut it was admissible without any reply. Sec. 32, ch. 125, R. S. 1858.

*By the Court.*— The judgment is reversed, with costs, and a new trial awarded.