PAINE VS. SMITH.

BILL OF PARTICULARS. (1) *Waiver of objection that it is not verified.* (2) *Amendment at the trial.*

BILL OF EXCEPTIONS. *What it must contain to make exceptions available.*

1. The objection that the bill of particulars accompanying a verified complaint is not itself verified (as required by sec. 20, ch. 125, R. S.), is *waived* by retaining the bill without objection, instead of returning it within a reasonable time.

2. The court may, in a proper case, permit a bill of particulars to be amended at the trial; and where there is no evidence of surprise to defendant's injury, the admission of proof on plaintiff's part of items not contained in the bill served, must be regarded as equivalent to an order allowing such amendment.

3. Exceptions to the refusal of a compulsory nonsuit, or to portions of the charge as not justified by the evidence, are of no avail where the bill of exceptions does not purport to contain all the evidence, nor certify that there was no evidence, or no sufficient evidence, upon the points involved in such exceptions.

APPEAL from the Circuit Court for *Waupaca* County.

The action was brought to recover $577.16 for moneys laid out and expended by plaintiff for the use and benefit of the defendant, at his request. The complaint was verified. Within the time required by law, defendant demanded in writing a bill of particulars of plaintiff's account; and plaintiff served a bill of particulars, which was not verified, on the 8th of August, 1868. The answer, filed August 29, 1868, besides a general denial, set up a counterclaim for $510 as the stipulated price

of logs alleged to have been sold by defendant to plaintiff on the 12th of September, 1865, and for interest on that sum. There was a reply in denial.

The cause came on for trial in 1870. An objection by defendant to the admission of any evidence in support of the action, upon the ground that the bill of particulars was not verified, was overruled. The plaintiff read in evidence a contract between the parties, entered into on the 12th of September, 1865, in which, after reciting that he had that day sold to plaintiff 300,000 feet of pine saw logs [describing them], defendant agrees " that the title of said logs is good and perfect, and that he will pay all the expenses of the said *Paine* that he may incur, sustain and suffer in maintaining his title to said logs; that the said *Smith* will prosecute all suits at his own expense that may be necessary for said *Paine* to sustain the title to the saw logs, and will defend all suits that may be brought against said *Paine* to dispute the title to said logs derived from said *Smith*." Plaintiff then introduced evidence, which, as it appears in the bill of exceptions, tends to prove that the logs mentioned in the contract were taken from him shortly after said 12th of September, 1865, and that after litigation both at the circuit and in the supreme court, he failed to recover them; and that the items mentioned in his bill of particulars, and a few others, were the costs and charges of such litigation. The evidence as to three of the items proven were objected to by defendant on the ground that they were not included in the bill of particulars; but the objection was overruled. After plaintiff rested, defendant moved for a nonsuit, on the ground that " it did not appear from the evidence that the several sums paid were necessarily or properly expended in the prosecution or defense of the suits testified to, nor that the same were just or reasonable in amount." The motion was denied.

The defendant then introduced his evidence. The court gave the jury the following, among other instructions: " If

you find that said logs were involved in the suit of *Paine v. White*, a suit brought for the purpose of testing the plaintiff's title to the logs mentioned in the contract, and that the adjudication of the supreme court was adverse to the claim of title of this defendant, such adjudication is conclusive upon the parties herein, that the defendant had no title to transfer to the plaintiff, and the plaintiff is not obliged to pay anything for them." The other parts of the charge do not seem important here.

There was a verdict and judgment in plaintiff's favor for the whole amount of the demand. The defendant appealed from the judgment.

*C. Coolbaugh & Son*, for appellant, to the point that the plaintiff should not have been permitted to introduce evidence in support of his unverified bill of particulars, cited R. S., ch. 125, sec. 20. They also contended that defendant was not estopped by the judgment in *Paine v. White*, because it was not shown that plaintiff ever notified him of that suit, or offered him the management of it. *Duffield v. Scott*, 3 Term, 374 (*691); *Smith v. Compton*, 3 Barn. & Ad., 407; *Blasdale v. Babcock*, 1 Johns., 517; *Kip v. Bingham*, 6 id., 158; *Barney v. Dewey*, 13 id., 224; *Swartwout v. Payne*, 19 id., 294; *People v. Judges*, 1 Wend., 19: *Bartlett v. Campbell*, id., 50; *Trustees v. Galatian*, 4 Cow., 340; *Thomas v. Hubbell*, 15 N. Y., 405; *Same Case*, 35 N. Y., 120; *Bridgeport Fire Ins. Co. v. Watson*, 34 id., 275; *Annett v. Terry*, 35 id., 256; *Kelly v. Dutch Church*, 2 Hill, 105; *Aberdeen v. Blakmar*, 6 id., 324; *Somers v. Schmidt*, 24 Wis., 417; *Eaton v. Lyman*, 26 id., 61; *Chicago v. Robbins*, 2 Black, 418; *Huzzard v. Nagle*, 40 Pa. St., 178; *State v. Jennings*, 14 Ohio St., 73; *Lipscomb v. Postell*, 38 Miss., 476; *Lyon v. Northrup*, 17 Iowa, 314; *McNamee v. Moreland*, 26 id., 99; *Dane v. Gilmore*, 51 Me., 544; *Brown v. Bradford*, 30 Ga., 927; *Knapp v. Marlboro*, 34 Vt., 235; *Littleton v. Richardson*, 34 N. H., 179–187; *Tracy v. Goodwin*, 5 Allen, 409; *Carlton v. Davis*, 8 id., 94; *Milford v. Holbrook*, 9 id., 17; *Boston v. Worthington*, 10 Gray, 496; *Westervelt v. Smith*, 2 Duer, 449; *Yorks v. Steele*, 50

Barb.,397. The estoppel should have been pleaded by the plaintiff in his reply. *Waddle v. Morrill*, 26 Wis., 611.— Counsel also argued that there was error in other parts of the charge, in proceeding upon assumptions not in accordance with the evidence.

*Freeman & Allen*, for respondent, argued, among other things, that if defendant was not satisfied with the bill of particulars without verification, he should have returned it, pointing out the defect (2 Till. & Sh. Pr., 42–46; 3 Duer, 691; 3 Sandf., 716; 7 How. Pr. R., 264; 13 id., 225); that the bill of particulars was sufficient to inform defendant of plaintiff's demand, and the slight variance between it and the proof was properly disregarded. 7 Wend., 481; 3 id., 344; 5 id., 48; 19 id., 530.

Dixon, C. J. The complaint was verified, but the bill of particulars served by the plaintiff on demand of the defendant was not. If the pleading be verified, the statute requires the copy of the account also to be, by the oath of the party or of his agent or attorney. R. S., ch. 125, sec. 20; 2 Tay. Stats., 1442, § 22. The defendant did not return the bill of particulars at the time of service, but retained the same without objection until the trial, which took place more than two years afterwards. At the trial he objected to any evidence being received of the particulars of the plaintiff's demand, because the copy of the account was not verified. The court overruled the objection, which ruling was clearly right. The defendant had waived the defect by retaining the account, and by his silence or neglect to make the objection known in proper time. He had elected to accept the copy of account in form as served.

The court also, against the objection of the defendant, received proof of items not contained in the copy of account served. No affidavit of surprise, or of the absence of witnesses, or failure to procure evidence to meet or rebut the proof of such items, was made on the part of the defendant. Without such affidavit, and with no ground of objection appearing save the mere omission of the items from the copy of the bill of particu-

lars served, we cannot say the court erred in receiving the proof. The omissions may have resulted from clerical mistakes in making the copy; but whether they did or not, we suppose it is entirely competent for the court, in a proper case, to allow an amendment of the bill of particulars at the trial. If the opposite party be not taken by surprise, and no injustice is done, such amendment may be allowed. The admission of the proofs here must, under the circumstances, be regarded as equivalent to a direction by the court that the bill of particulars be amended. Such an order, in form authorizing an amendment of the bill, might, for all that appears, with propriety have been made.

An exception was taken to the order of the court overruling the motion of the defendant for a nonsuit; and the defendant likewise took several exceptions to the charge of the court to the jury. The exceptions so taken can avail nothing in this court, since the bill of exceptions is not certified to contain all the testimony given upon the trial. With respect to the exception to the order overruling the motion for a nonsuit, this objection to the consideration of it by this court is obvious; and the same is equally applicable to the exceptions taken to certain parts of the charge. The exceptions to the charge are all based upon the supposed absence or insufficiency of testimony to justify the instructions given. Without the certificate necessary to show that there was no testimony, or that it was insufficient, we are bound to presume that there was testimony, and that it was sufficient to justify the instructions given or facts assumed by the court in the charge. The judgment must, therefore, be affirmed.

*By the Court.*— It is so ordered.