Smith vs. Coleman.

SMITH, Appellant, vs. COLEMAN, Respondent.

*September 2 — September 23, 1890.*

(1) *Parol evidence to vary written contract.* (2, 3) *Appeal: Exceptions: Waiver.*

1. A writing whereby the lessee of an engine agrees to accept it and keep it thirty days and pay a specified sum per day, signed only by said lessee and containing no agreements on the part of the lessors, does not preclude parol proof that such lessors warranted the engine to be in good repair and fit to perform the work for which it was leased.

2. An exception to the whole of the charge to the jury is too general to be available on appeal.

3. The right to appeal from an order is waived by a party who accepts the costs awarded to him as the condition upon which the order was granted.

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The appellant brought an action in the circuit court against the respondent upon the following writing:

"Fond du Lac, Aug. 29, 1883.

"The undersigned agrees to accept Case engine, and

keep same thirty days, and pay $3.50 per day, return it to Fond du Lac free of charge, and keep same in repair. Time it is undergoing repairs to be deducted.

"[Signed]        T. A. COLEMAN."

On the trial, the plaintiff established by his evidence that M. W. Marshall and C. H. Marshall were the owners of said Case engine at the time said memorandum was signed by the respondent, *Coleman*, and that said memorandum was delivered to them by *Coleman* at the time the same was dated, and that at the time the same was dated they delivered the engine to said *Coleman*. He also showed that, previous to the commencement of this action, the said Marshalls had assigned to him all their rights and claims arising out of the letting of said engine to said *Coleman*.

As a defense to the action, the respondent, *Coleman*, answered, " that, at the time the defendant signed the agreement set forth in the plaintiff's complaint, said M. W. and C. H. Marshall represented to this defendant that said engine was in good repair, and in good running condition, and would do the work for which the defendant hired the same; that defendant took said engine and tried to run it, but it would not run and would not do the work for which defendant hired it; that, after trying the same three days, the defendant notified the said M. W. and C. H. Marshall that said engine would not run, and was out of repair, and could not be made to do the work defendant wanted it to do; that said engine was at Oshkosh, subject to their order; that said M. W. and C. H. Marshall ordered defendant to return said engine to them, and defendant did so. Wherefore, the defendant demands judgment against the plaintiff that the plaintiff's complaint be dismissed, with the costs of this action."

The defendant on the trial, against the objections of the plaintiff, gave evidence tending to prove his answer in all its particulars. No other witness testified on the part of the defendant. The plaintiff introduced C. H. Marshall,

one of the owners of the engine, who testified that no representations were made to the defendant as to the qualities or condition of the engine, or that it was in good repair, and that the defendant examined the engine before he took it and signed the memorandum; he also testified that the engine was in good order, except it "wanted some packing about the pumps,— common hemp packing." He also testified that he did not direct *Coleman* to return the engine, as stated by him. The only witnesses examined were the defendant on his own behalf, and Marshall on behalf of the plaintiff.

The case was submitted to the jury by the judge, who instructed them in substance "that if they found from the evidence that, at the time the defendant hired the engine, it was represented to him by the Marshalls, or either of them, that it was in good condition and would do the work for which it was hired, and which purpose was known to the Marshalls, and if they further found that it would not do the work and was practically useless, then the plaintiff could not recover." There was no exception to the charge of the judge, except a general exception to the whole charge of the court. The jury found for the plaintiff, and assessed his damages at six cents.

Before judgment, the plaintiff moved to set aside the verdict and for a new trial. The motion was made upon the pleadings and files, and upon the pleadings and evidence taken on the trial: (1) Because the verdict is perverse and against the evidence, and damages inadequate; (2) that the verdict is contrary to law; (3) that the court erred in its charge to the jury; (4) that the court erred in admitting incompetent and immaterial evidence on behalf of the defendant on the trial. This motion was probably denied, although there is nothing in the record showing the fact, except the fact that judgment was entered upon the verdict.

By the papers and files returned by the clerk of the circuit court to this court, it appears that a judgment had been entered by default in favor of the plaintiff and against the defendant, for the sum of $123.70 damages, and $16 costs. This judgment is dated May 2, 1885, and is signed by the clerk, but is not marked as filed by the clerk in his office until the 13th of September, 1887. The papers returned also disclose that, upon the motion of the defendant, this judgment was set aside and vacated by an order of the court dated December 15, 1887. The files returned contain affidavits purporting to be made in support of the motion to set aside said judgment, and also affidavits in opposition to such motion. The order setting aside the judgment recites as follows: " This cause coming on to be heard upon the order to show cause why the judgment entered and docketed herein, September 13, 1887, in favor of the plaintiff and against the defendant, should not be set aside and vacated. . . . Ordered that the said judgment be, and the same is hereby, set aside and vacated, and defendant have leave to answer herein within twenty days from the date hereof, upon payment to plaintiff of $13.70 costs, such costs to be paid within twenty days from the date of this order, and, if not so paid, then this order to be void and of no effect and said judgment to remain of same effect as though this order had not been made."

*Charles D. Smith,* appellant, in person.

For the respondent there was a brief by *Williams, Friend & Bright,* and oral argument by *A. H. Bright.*

TAYLOR, J. The only exception taken on the trial and which is available to the appellant on this appeal is the exception taken to the introduction of the evidence on the part of the defendant tending to show that the plaintiff warranted that the engine was in good repair and would perform the work which the defendant leased it for. The

contention on the part of the plaintiff is that the written memorandum which was signed only by the defendant was conclusive as to what the contract between the parties in relation to the engine was. We think the learned circuit judge was clearly right in overruling this objection. The evidence offered does not in any way contradict or change the writing signed by the defendant. That writing contains no contract of any kind on the part of the plaintiff's assignors in relation to the matter, except that it implies that they consented that the defendant should have the use of the engine for thirty days, for the fixed sum of $3.50 per day. The case is clearly within the rule laid down by this court in the cases of *Red Wing Mfg. Co. v. Moe*, 62 Wis. 240; *Hahn v. Doolittle*, 18 Wis. 196; *Frey v. Vanderhoof*, 15 Wis. 398; *Ballston Spa Bank v. Marine Bank*, 16 Wis. 120, 136; *Jilson v. Gilbert*, 26 Wis. 637; *Green v. Batson*, 71 Wis. 54; *Merriam v. Field*, 24 Wis. 640; *Collette v. Weed*, 68 Wis. 428, 434; and *Boothby v. Scales*, 27 Wis. 626.

These cases fully sustain the ruling of the learned circuit judge in this case. The ruling is not in conflict with the cases in this court which hold that when there is a written contract for the sale of chattels, which writing contains an express warranty as to some matter in regard to the thing sold, no other express warranty can be shown by parol proofs. *Merriam v. Field*, 24 Wis. 640; *Boothby v. Scales*, 27 Wis. 626, 633. In the case at bar, the written memorandum was not signed by the plaintiff's assignors, and it contains no agreement of any kind on their part. It is clear, therefore, that the parol evidence offered by the defendant tending to show that at the time of his leasing the engine, and as a consideration for his so doing, they warranted the engine to be in good repair and fit to perform the work for which he leased it, does not in any way contradict or vary the contract on the part of the defendant.

The exception to the instructions given by the learned judge is too general to be regarded on this appeal. There was no error in refusing to set aside the verdict and grant a new trial. There was certainly sufficient evidence to sustain the verdict, notwithstanding the contradictory evidence of the plaintiff's witness, Marshall. The credibility of the two witnesses was for the jury, not for the court. The learned circuit judge having expressed his satisfaction with the verdict, and such verdict being sustained by evidence, this court will not interfere.

The appellant contends that this court should, upon this appeal, pass upon the question of the right of the circuit court to set aside the judgment taken by default in the action. We think there is very grave doubt as to the right of the plaintiff to avail himself of any error, if there be any, in setting aside such judgment on his appeal from this judgment. It is doubtful whether the record in the case brings before this court the proceedings upon the motion to set aside the default in the action. But, as it is evident from what appears in this record that the appellant must have received and accepted the costs awarded to him by the court as a condition of opening the default of the defendant, he has waived any right to complain of such order. Having received from the defendant the benefit of the order on his part, he cannot object to the defendant's claiming the benefit of the same order on his part. If the plaintiff ever had a right to appeal from such order, he has waived it by accepting the costs awarded to him as the condition upon which the order was granted to the defendant. *Cogswell v. Colley,* 22 Wis. 399; *Flanders v. Merrimac,* 44 Wis. 621; *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317, 319.

*By the Court.*— The judgment of the circuit court is affirmed.