## DRAKE, Appellant, vs. SCHEUNEMANN and another, Respondents.

*June 2 — June 22, 1899.*

*Appealable orders: Waiver.*

1. The right of appeal from an intermediate order ceases on the entry of judgment; it is thereafter subject to review on appeal from the judgment.

2. An order reinstating an appeal from justice court, which had been dismissed for want of prosecution, having been granted on terms, the acceptance of the terms imposed, and going to trial on the merits without objection, waives any error in the order.

Drake vs. Scheunemann and another.

APPEAL from an order and a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The superior court acquired jurisdiction of the cause by appeal from a judgment rendered for plaintiff in justice's court. On the last day of the fourth term of the court after the appeal was taken, to which term the cause had been regularly continued, it was dismissed on plaintiff's motion for want of prosecution. At the next term of the court, on motion of defendants' attorney, the appeal was reinstated on terms that they pay the fees of plaintiff's witnesses upon the former appearances, assessed at $3.50. The order was duly excepted to. The fees were paid to, and receipted for by, plaintiff's attorneys, who thereafter participated without objection in a trial of the cause upon the merits, resulting in a verdict and judgment for defendants, from which this appeal was taken solely to test the order reinstating the cause, an appeal from the order being joined with that from the judgment.

For the appellant the cause was submitted on the brief of *Charles S. Carter*, attorney, and *Carl W. Briggs*, of counsel. *O. W. Bow, Jr.*, for the respondents.

MARSHALL, J. The order is not appealable if for no other reason, because it is subject to review on appeal from the judgment. The right of appeal from an intermediate order ceases on the entry of judgment. *American B. H., O. & S. M. Co. v. Gurnee*, 38 Wis. 533; *Donkle v. Milem*, 88 Wis. 33.

The order was granted upon condition of the payment of plaintiff's witness fees on the appearance at the time the cause was dismissed. Acceptance of the fees by plaintiff's attorneys, and going to trial on the merits without objection, waived any error in the order. That has been repeatedly decided by this court, as evidenced by numerous cases cited by respondents' counsel. *Cogswell v. Colley*, 22 Wis. 399; *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317;

*Smith v. Coleman*, 77 Wis. 343; *McKinnon v. Wolfenden*, 78 Wis. 237; *Laird v. Giffin*, 84 Wis. 286; *Mills v. Nat. F. Ins. Co.* 92 Wis. 90; *Cook v. McComb*, 98 Wis. 526.   That requires an affirmance of the judgment.

*By the Court.*— The judgment of the superior court is affirmed.