PRICE, Appellant, vs. GRZYLL, Respondent.

*November 6—December 13, 1907.*

*Pleadings: Amendment after trial: Discretion: Assault and battery: Defenses: Justification: Self-defense: General denial: Trial: Acceptance of benefits of an order or judgment: Waiver: Appeal and error: Assignments of error: Evidence: Hearsay: Res gestæ: Prejudicial error: Instruction to jury.*

1. The power of trial courts to allow amendments in furtherance of justice is very broad.

2. Where, in an action for assault and battery, the trial court allowed the issue of justification of the assault to be brought into the case by amendment after the completion of the trial and rendition of the verdict, while such proceeding is unusual, it is *held* to have been within the discretion of the trial court.

3. While an assault may be justified by the necessities of self-defense, not every act of self-defense is an assault, even though it result in physical contact with another's person to his hurt.

4. Where one is attacked he may interpose a shield, and contact therewith by the assailant, however injurious to him, is not an assault by the other.

5. In an action of assault and battery a defense of justification cannot properly be considered under a general denial.

6. One who accepts the beneficial condition of an order or judgment waives all objection thereto.

7. By accepting the costs awarded by an order as condition of an amendment to a pleading a party waives all objection to that order.

8. Assignments of error in the striking out of answers of witnesses cannot be sustained where the answers merely narrated statements of others and were mere hearsay.

9. In an action for assault and battery, ruling out statements of
    plaintiff to her niece as to her pain and injury after she had
    been precipitated from a porch is *held* to have had no preju-
    dicial effect upon a verdict for defendant, since such statements.
    were not *res gestæ*, and could be material only on the question
    of damages, which the jury never reached.
10. Refusal to give requested instructions is *held* not prejudicial er-
    ror where they are negatived by a change of issues, accom-
    plished by an amendment of the pleadings to correspond to the
    evidence on the trial.

APPEAL from a judgment of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action for assault and battery committed by defendant
on plaintiff, in that he wilfully and maliciously pushed the
plaintiff over a porch railing, causing her to fall to the
ground, whereby she suffered serious injuries. The answer·
interposed contained merely a general denial. The conten-
tion of the plaintiff was that, having visited the defendant's.
house on a matter of business and having been threateningly
ordered to leave, he, as she reached the door, suddenly seized
her by the throat and threw her over the railing. The de-
fendant's theory of the transaction was that, as he held open.
the door of the house for her to pass out, she suddenly struck
him in the face and then seized him by the clothing about
the throat, and that his only act was to use such force with
his arm against hers as to break away that hold, and that,.
as her hold was broken, she stepped backward and fell down
the steps from the porch to the ground, and that his acts did
not constitute an assault upon her. Verdict was found for
the defendant, whereupon the plaintiff moved to set aside·
that verdict and for a new trial, partly upon the ground that
the jury had been allowed to reach their verdict upon justi-
fication of the assault. The defendant moved for leave to·
amend his answer by setting up justification, in accordance
with the evidence which had been introduced upon the trial,.
over objection by the plaintiff upon the ground of inadmissi-

bility under mere general denial. The plaintiff admitted that there was no additional evidence which she could have introduced had there been a plea of justification and self-defense, and it was further made to appear that this trial constituted the third in which all the facts had been fully investigated, one of the earlier ones being in a criminal prosecution. The court entered an order allowing the amendment upon the condition that the defendant pay $10 costs to plaintiff's attorney. Written exception was filed to this order, but plaintiff's attorney received and retained the $10 paid as a condition of such amendment. Whereupon judgment was rendered for the defendant, from which the plaintiff appeals.

*R. N. Van Doren,* for the appellant.

For the respondent there was a brief by *John C. Hart* and *Park & Carpenter,* and oral argument by *B. B. Park.*

DODGE, J. The most important question presented is whether the trial court abused judicial discretion by allowing the issue of justification of the assault to be brought into the case after completion of the trial and rendition of verdict. Doubtless such a step is very unusual where the opposing party has at all times protested against the trial of such issue; and if, in such case, it is believable that such party might have modified his conduct by offering other evidence or the like, such an amendment would probably be condemned even on appeal. *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 97 N. W. 515; *Guerin v. St. Paul F. & M. Ins. Co.* 44 Minn. 20, 46 N. W. 138. Nevertheless the power of the trial court to allow amendments "in furtherance of justice" is very broad. *Ill. S. Co. v. Budzisz,* 106 Wis. 499, 503, 82 N. W. 534; *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55; *Kleimenhagen v. Dixon,* 122 Wis. 526, 100 N. W. 826. There was much in this case to appeal to discretion. The complaint, though upon liberal interpretation

charging generally an assault, was so worded as to give some
justification to the asserted understanding by counsel that it
was intended to charge only one specific act of assault, such
as would be fully controverted by proof of events according
to defendant's evidence. Such understanding had been in
some degree confirmed by conduct of plaintiff's attorney,
who in a previous trial, resulting in disagreement, had
raised no objection to that evidence. As result of such un-
derstanding defendant's contention throughout was that he
had no occasion to prove justification of his acts. While an
assault may be justified by the necessities of self-defense, not
every act of self-defense is an assault, even though it result
in physical contact with another's person to his hurt. When
one is attacked he may interpose a shield, and contact there-
with by the assailant, however injurious to him, is not an as-
sault by the other. Defendant claims this to have been the
extent of his acts, but the court went further in his instruc-
tions, which authorized a verdict for the defendant, even
though his acts constituted an assault, if he were justified by
necessity of defense of his person or domicile. Such a de-
fense could not properly be considered under the general de-
nial. *Yeska v. Swendrzynski, ante,* p. 475, 113 N. W. 959.
Thus the question had been submitted to and passed on by the
jury as it would have to be upon a new trial with the answer
amended. The plaintiff admitted that she had brought for-
ward all the evidence which could have been presented in any
event, and the unsavory controversy had already been ex-
haustively ventilated three times. We confess there was
much to attract a trial court to the conclusion that this ver-
dict ought to be made final upon the real merits of the case,
which had been fully submitted to the jury. However, we
shall not deem it necessary to decide whether judicial dis-
cretion was abused. The case is so peculiar as to be at best of
doubtful analogy to any other, and a decision might well
become a misleading rather than a helpful precedent. We

are absolved from the necessity of such decision by the un-
avoidable conclusion that appellant has waived all objection
to the act of the court in thus changing the issues after ver-
dict by accepting the benefits of the condition on which the
change was made. The authorities are conclusive that one
who accepts a beneficial condition of an order or judgment
waives all objection thereto. *Cogswell v. Colley,* 22 Wis.
399; *Webster-Glover L. & Mfg. Co. v. St. Croix Co.* 71
Wis. 317, 36 N. W. 864; *Ruege v. Gates,* 71 Wis. 634, 38
N. W. 181; *Smith v. Coleman,* 77 Wis. 343, 348, 46 N. W.
664; *Cook v. McComb,* 98 Wis. 526, 530, 74 N. W. 353;
*Drake v. Scheunemann,* 103 Wis. 458, 79 N. W. 749.

The conclusion thus reached disposes of many of the spe-
cific assignments of error, such, for example, as are predicated
upon instructions submitting to the jury the issue of justifica-
tion, or upon admission of evidence in support thereof,
though we find none of the latter which was not necessarily
admissible under the general denial as merely descriptive of
the transaction narrated by plaintiff as basis for her cause of
action or her demand for punitory damages. *Yeska v. Swen-
drzynski, supra.*

The third and fourth assignments of error cannot be sus-
tained. They were upon the striking out of answers of two
witnesses, both of which merely narrated statements of others
and were hearsay. The statement of the plaintiff to her
niece as to her pain and injury after she had been precipi-
tated from the porch was not *res gestæ* to the assault, and,
in any event, could be material only to the question of dam-
ages, which the jury never reached. The ruling could not
prejudicially have affected the verdict.

All of plaintiff's requests for instruction, refusal of which
is assigned as error, were by their words predicated upon a
declaration that verdict must go for plaintiff because defend-
ant had conceded an assault. Such premise is of course nega-
tived by the change of issues accomplished by the amend-

ment, and for that reason, if for no other, the refusals cannot be considered prejudicial error.

Some other errors are assigned, but they seem to us so obviously unfounded or so immaterial to the result as not to justify discussion here.   We find nothing which necessitates reversal.

*By the Court.*—Judgment affirmed.