## PITHAN, Appellant, v. WANGLER, Respondent.
### (136 N. W. 1084.)

1. **Pleading—Amendment—Joinder of Causes of Action—Motion to Strike out Pleading.**

    Where an amendment of a complaint to embrace another cause of action is such as to involve the question of misjoinder of causes of action, and plaintiff was allowed to so amend, defendant, in order to avail himself of the right to question such action on appeal, should have appealed from the order allowing such amendment.

    His remedy would not be by moving to strike out such cause of action. **Dictum.**

2. **Pleading—Amendment—Estoppel to Attack—Accepting Terms on Amendment.**

    Where a second cause of action was embodied in a complaint by amendment granted over defendant's objection, leave to so amend being on money terms accepted by defendant, defendant was thereby estopped to attack the amended complaint, either by appeal from the order granting such leave, or by motion to strike out the said cause of action; so held, where plaintiff appealed from the order striking out such cause of action.

    Smith, J., and Corson, J., concurring specially.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by Rosa Pithan against Emil J. Wangler, to recover damages for alleged breach of promise, and for alleged seduction

by defendant. From an order striking out the cause of action for seduction, plaintiff appeals. Reversed.

*P. W. Harding* and *William Issenhuth*, for Appellant.

"An objection to the allowance of an amendment should be made when leave to amend is asked; and in order to avail himself of error in granting the amendment, the party objecting should stand on the ruling, etc." 31 Cyc. 751. Wheeler v. West, 78 Cal. 95-7, 20 Pac. 45.

"Objections should be made at the first seasonable opportunity offered and in strictness should be made when action is asked of the court or proposed by it." 8 Enc. Pleading and Practice, 162.

"The general rule is that an objection to a pleading may be waived by failure to urge the objection at the proper time, or by an act which, in legal contemplation, implies an intention to overlook it." 31 Cyc. 717.

"Exception should be taken at the time of the ruling or decision complained of." 8 Enc. Pleading and Practice, 166.

"In order to present any question on appeal touching the action of the trial court with reference to amendments, the record must show that an objection was made in seasonable time, and exceptions taken to the adverse ruling. 1 Enc. Pl. and Prac. 533-4 and citations.

This order was made "upon condition, however, that said plaintiff pay to said defendant the sum of twenty dollars ($20.00) as terms, said sum to be paid within ten days from date hereof." The terms mentioned were within the time prescribed paid to the attorneys for said defendant, and of course, ever since retained by them. By accepting the $20.00, defendant precluded himself from objecting to or predicating any error thereon.

"The acceptance of costs paid as a condition to the amendment of a pleading is a waiver of any objection to the amendment." 31 Cyc. 751, and citations.

"A party who accepts the benefits of terms imposed upon his adversary as a condition of amending is precluded from making an objection." 1 Enc. Pl. and Prac., 573, and citation.

"Defendant by accepting the terms on which an amendment to the complaint was allowed, waives his right to appeal from the order allowing such amendment." Logeling v. N. Y. El. Ry. Co., 5 App. Div. 198, 38 N. Y. Supp. 1112.

"A party cannot accept the benefits of an adjudication and then allege it to be erroneous on appeal." Smith v. Coleman, 77 Wis. 343, 46 N. W. 664; Sterne v. Vert, 108 Ind. 232, 9 N. E. 127, and same case in 111 Ind. 408, 12 N. E. 719.

"And in order to avail himself of error in granting the amendment, the party objecting should stand on the ruling." (31 Cyc. 751).

"In the absence of statutory provisions making the decision of the trial court conclusive, an order allowing an amendment which introduces a new cause of action, or denying an amendment upon that ground, is a proper subject for review on appeal or error." I Enc. Pl. and Prac. 574, and citations.

"Ruling on amendment is only subject to review by supreme court when it is apparent that abuse of discretion has occurred." Willcon v. Devine, 91 Cal. 477-483, 27 Pac. 777; Lestrade v. Barth, 17 Cal. 285-289; Gillan v. Hutchinson, 16 Cal. 153-156; Robinson v. Smith, 14 Cal. 254; Thornton v. Borland, 12 Cal. 438. Also case in 2 Cal. 409, 56 Am. Dec. 348.

If the court permits an amendment which the law clearly does not allow, or refuses an amendment which will obviously promote substantial justice, it is error.

*W. A. Helsell, W. F. Bruell,* and *W. A. Morris,* for respondent.

An amendment to the pleading may be objected to by the opposing party in advance of its filing, or the court may allow it to be filed requiring the opposing party to move to strike it out. Anthony v. Sladin, 60 Pac. 826.

Our own Supreme Court has passed upon this form of pleading and has positively ruled that actions on contract and in tort cannot be combined where joined in the same action, and that where a pleading seeks to set up more than one cause of action, and it is difficult to determine whether a contract or tort is set forth, a motion to strike out should, of course, be granted. Jones

et al. v. Windsor, 22 S. D. 480; Clark v. Lawrence County, 120 N. W. 764. ·

WHITING, J.   [1] Plaintiff brought this action to recover damages for an alleged breach of promise of marriage, and in her complaint, as a part of her cause of action and in aggravation of the damages flowing from the alleged breach of contract, she pleaded her seduction by defendant.   The case was tried and verdict and judgment entered in favor of plaintiff.   Defendant asked for a new trial, and an order for same was granted.   Pending the time for such new trial, the plaintiff, upon due notice given, moved the trial court for an order allowing her to amend her complaint.   Attached to the moving papers was the proposed amended complaint wherein were set forth two separate causes of action, one praying damages for the alleged breach of contract to marry, the other praying damages alleged to have resulted from a tort—the seduction of plaintiff by defendant.   The defendant resisted the motion to amend, but the court allowed the amendment, the order allowing same providing that the making of such amendment was conditioned upon the payment of terms to defendant. Such terms were afterwards paid and accepted by defendant's counsel.   Thereafter defendant moved that that part of the amended complaint pleading a cause of action based upon tort be stricken out, which motion, over the objection of plaintiff, was sustained.   An order striking out such cause of action issued, and it is from such order that the plaintiff has appealed to this court.

It is the contention of appellant that the two causes of action were such as could properly be joined, and that, therefore, the trial court was right in allowing plaintiff to amend her complaint; that, even if the said causes of action were such as could not properly be joined, yet, inasmuch as the proposed amended complaint was before the trial court upon the motion to amend and the defendant could have urged such improper joinder in opposition to the granting of such motion to amend, his only remedy was to appeal from the order allowing the amendment; that the trial court could not under color of an order striking out one cause of action reverse its ruling allowing the amendment; that, in any case, a motion to strike out one of the causes of action was improper, and defend-

ant's remedy, if he had any other than through an appeal from the order allowing the amendment, was to demur to the amended complaint upon the ground of misjoinder of causes of action, otherwise the misjoinder would be waived; that, even if the trial court could require one of said causes of action to be stricken from the amended complaint, it was for the plaintiff and not the defendant to elect as to which one should be stricken; and finally that, by accepting the terms the payment of which was imposed as a condition to plaintiff's right to amend, the defendant has estopped himself from attacking the order allowing the amendment, and therefore cannot raise any question as to the alleged misjoinder of causes of action.

Respondent insists that it was error for the court to grant an amendment containing a new cause of action, and that such amended complaint did contain an entirely new cause of action; that a cause of action for seduction, being based upon tort, was one which could not properly be joined with a cause of action based upon the alleged breach of contract; that the cause of action stricken was not properly pleaded there being certain paragraphs thereof which it is claimed were faulty; that defendant was not estopped from making the motion by his acceptance of the terms paid.

While we think there is much merit in each one of appellant's contentions with the exception of the first one, we find it unnecessary to pass fully upon any of them other than the last, namely, that defendant has estopped himself by accepting the terms paid as a condition to appellant's right to amend her complaint. If plaintiff's original complaint had been the same as her amended complaint, and defendant had demurred thereto upon the ground of misjoinder of actions, and such demurrer had been overruled, defendant's only remedy, if such ruling was erroneous, would have been through an appeal from the order overruling demurrer. The question of misjoinder of causes of action could and should have been presented to the court—and it will be presumed it was so presented—in resistance of the motion to amend. Defendant's remedy, when the amendment was allowed, was to appeal from

the order granting the amendment, and, upon such appeal, urge such misjoinder as ground for reversal.

[2] But defendant lost his right to appeal from such order when he accepted the terms to which he had no right whatsoever except under the order allowing the amendment. No rule of law is better settled than that which provides that, where a party pro ceeds under an order or accepts benefits thereunder, it is a waiver of his right to appeal from such order. Pierson v. Minnehaha County, 26 S. D. 462, 128 N. W. 616; Male v. Harlan, 12 S. D. 627, 82 N. W. 179; 31 Cyc. 751; Smith v. Coleman, 77 Wis. 343, 46 N. W. 664; Sterne v. Vert, 111 Ind. 408, 12 N. E. 719; Logeling v. New York Elv. R. Co., 5 App. Div. 198, 38 N. Y. Supp. 1112; 1 Ency. P. & P. 573; 3 Ency. L. & P. 711; Price v. Grzyll, 133 Wis. 623, 114 N. W. 100. The defendant should not have been allowed to do indirectly what he would have no right to do directly. If, after accepting the terms provided for in the order allowing the amendment, he would not have been allowed to attack such order even by appeal, he certainly should not be allowed to procure a virtual reversal of such order through his motion to strike out one of the causes of action set forth in the amended complaint, which amended complaint was before the court at the time the order allowing same was granted. The defendant lost all right to object to the misjoinder of the two causes of action, and therefore the trial court should not have granted its motion to strike out one of said causes of action, even if such a motion would otherwise have been a proper remedy.

The order appealed from is reversed.

SMITH, J. I concur in the opinion that the order appealed from should be reversed, but prefer to base that conclusion on the ground that the motion to strike out one of the causes of action was not a proper method of procedure. It is clear that respondent by accepting the terms imposed as a condition for permitting the proposed amendment is estopped from questioning the order granting leave to serve the proposed amended complaint. I am of opinion, however, that, when filed, the amended complaint was open to attack upon any ground which would have been available if the same complaint had been originally served, and that the

objection on the ground of misjoinder of causes of action was waived by the failure to demur.   Subdivision 5 of section 121, Code of Civil Procedure, provides that "the defendant may demur to the complaint when it shall appear upon the face thereof * * * that several causes of action have been improperly united." Section 125, Code of Civil Procedure, declares: "If no such objection be taken * * * the defendant shall be deemed to have waived the same." Had a demurrer for misjoinder been sustained, appellant would have had the right to elect which cause of action should stand.   But this right is denied under the motion to strike one of the causes of action.

CORSON, J.   I concur in the views expressed by SMITH, J. HANEY, J., not sitting.