FELDMEIER, Appellant, vs. SPRINGFIELD FIRE & MARINE
INSURANCE COMPANY, Respondent.

*April 6—May 4, 1920.*

*Insurance: Notice of rejection of application: Pleading: Verification of answer: Motion to strike out: Judgment: Opening default: Discretion of court: Waiver of right to appeal.*

1. Where plaintiff, without objection, retained defendant's answer to the complaint for nearly a year, it cannot, on the eve of trial, raise the question of the sufficiency of the verification by a motion to strike out the answer.

2. It was not an abuse of discretion by the court to set aside a judgment entered upon default where the default was adequately explained and defendant was entitled to a new trial; and the plaintiff, by accepting and retaining, without objection, the costs imposed by the order opening the case, waived his right of appeal.

3. In an action to recover on an alleged contract of insurance for loss sustained by a fire, where it appeared that plaintiff's son had previously acted in the matter of obtaining insurance by carrying a message to plaintiff that the policy was about to expire, it is *held* that the local agent of the insurance company was justified in mailing to the son notice that the application in its present form would be rejected; and where the son failed to open the letter and the property was burned before the application was corrected, there can be no recovery.

APPEAL from an order and a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action to recover on an alleged contract for insurance for loss sustained by a fire. In May, 1918, a default judgment was entered against defendant for $1,239.40. In July of the same year, upon defendant's application, the court entered an order vacating the judgment upon terms which were paid by defendant to plaintiff.

Upon the application for opening up the judgment defendant served a proposed answer verified as follows:

"A. F. Dean, being first duly sworn, on oath says that he is an officer of the defendant, to wit, its manager; that he has read the foregoing answer and knows the contents thereof; that the same is true to his own knowledge; that the reason

why this verification is not made by the defendant is that the defendant is a corporation, and deponent such officer and acquainted with the facts."

The court upon setting aside the judgment ordered the proposed answer to stand as the answer in the case and it was retained by the plaintiff without objection. In May, 1919, the case was tried upon the merits and the court found as facts:

"(1) That the plaintiff's farm dwelling and other property had been insured by the defendant under a farm policy for a three-year term expiring January 15, 1918.

"(2) That on the said 15th day of January, 1918, plaintiff made an application in writing to the defendant, through its local agent at Bayfield, for insurance on said dwelling and certain other buildings, and grain and horses and cattle; for the sum of $1,200 upon the dwelling house, $1,500 upon the barn and sheds, $200 on grain and seeds, $300 on horses and $400 on cattle, 'for the term of three years from the day of approval by the manager.'

"(3) That the local agent forwarded this application to the home office at Chicago, Illinois, and on January 17, 1918, the defendant company, by its manager, returned the application to its agent at Bayfield with the following communication:

"Chicago, Ill., January 17, 1918.

"The Inglis Insurance Agency, Bayfield, Wisconsin:

"Gentlemen: We are compelled to return herewith the application of *Adelia Feldmeier* as same is not taken in accordance with our requirements. We cannot insure a limit of $150 on eight horses with only $300 insurance; neither can we grant a limit of $75 on twenty head of cattle where the insurance is only $400. We trust you can induce the owner to take out at least $600 insurance on horses and $1,125 on cattle, otherwise limits must be reduced.

"We require three-fourths insurance to value on live stock, based on the number of animals and limits asked for.

"Awaiting an early return of corrected application, I remain, Yours very truly, A. F. DEAN, Mgr.

"(4) That on January 20, 1918, defendant's agent at Bayfield wrote and mailed on either that day or the next day

the following letter and mailed it to Sebastian Feldmeier, Sunny Side, Bayfield county, R. F. D.:

"Bayfield, Wis., Jan. 20, 1918.

"S. Feldmeier: I inclose a letter from the insurance company, which explains itself to understand the matter they either want the risk on each animal reduced or the amount increased as per their letter. I think that better increase the amount as the letter suggests. Be sure and return this letter to me telling what you wish done.

"Yours,          ROBERT INGLIS.

"That S. Feldmeier is a son of plaintiff and lived with her upon her farm, the premises on which this insurance was intended to be placed. That the reason the defendant's agent mailed it to the son of the plaintiff was that he understood plaintiff was away from home more or less at the time and that she was most apt to receive it by mailing it to her son. Plaintiff's address, as placed upon the application, was Bayfield, Bayfield county, Wisconsin.

"(5) That S. Feldmeier received the communication in due course of mail, in a day or two after it was mailed at Bayfield, but that it was overlooked by him and not opened until after the 25th of January, 1918. That the fact that the defendant company had returned the application was not communicated until after the 25th of January, and she made no inquiry of it.

"(6) That on January 25, 1918, plaintiff's said dwelling house was destroyed by fire without fault on plaintiff's part. That said property was owned by plaintiff, and was of the value of $2,000 or more.

"(7) That on the 26th day of January, 1918, defendant's said agent at Bayfield, Wisconsin, denied all liability for said loss, and on March 30, 1918, defendant's state agent of Wisconsin, E. G. Frazier, wrote to plaintiff's attorney denying all liability of the defendant for the loss on the ground that defendant had rejected the application for insurance."

And as conclusions of law:

"(1) That there was no contract for insurance between the parties at the time of the fire, for all of the property or the dwelling alone.

"(2) That defendant is not estopped from claiming non-acceptance of the application by reason of delay in communicating to plaintiff the rejection of the application as made."

From the order granting a new trial and the judgment dismissing the action upon the merits the plaintiff appealed.

*John J. Fisher* of Bayfield, for the appellant.

*A. W. MacLeod* of Washburn, for the respondent.

VINJE, J.    At the commencement of the trial the plaintiff moved to strike out the answer on the ground that it was not properly verified, because sworn to by an agent of the corporation and his grounds of knowledge were not set forth.    The verification purports to be by an officer of the corporation and seems sufficient.    But, without deciding the question of its sufficiency, it is plain the court properly denied the motion because plaintiff had retained the answer nearly a year without objection.    If he thought the verification was defective he should have seasonably returned it for that reason.    Not having done so, he could not be heard to raise the question of the sufficiency of the verification on the eve of trial.    *Paine v. Smith,* 32 Wis. 335.

It is urged the court erred in setting aside the judgment and granting a new trial.    There are two answers to this claim: first, there was no abuse of discretion in opening up the default because it was adequately explained and defendant was entitled to a new trial; and second, the plaintiff, by accepting the costs imposed by the order and retaining them without objection, waived any right of appeal therefrom. *Smith v. Coleman,* 77 Wis. 343, 46 N. W. 664; *Price v. Grzyll,* 133 Wis. 623 (114 N. W. 100) and cases cited on page 627.

From the facts found by the court, which are not challenged, it is plain that no contract of insurance was made. The application was refused and seasonably returned to the agent at Bayfield.    He sent it to plaintiff's son, who lived

with his mother.  He did this under information to the
effect that plaintiff, the mother, was temporarily away from
the farm.  The son had previously acted in the matter of
trying to effect this insurance by carrying the message to
her that the policy was about to expire.  Under the cir-
cumstances the agent was justified in mailing the letter of
refusal to the son.  Had he opened it when it was received
there would have been time to effect new insurance.  But
he testified that the letter remained unopened in his house
for several days and until after the fire.  Defendant used
due diligence in communicating its disapproval of the appli-
cation to plaintiff and hence no liability attaches to it for the
fire loss.

*By the Court.*—Order and judgment affirmed.