HELEN T. HRESCHAK *vs.* JOHN F. HRESCHAK.

MARCH 25, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for divorce from bed and board on the ground of extreme cruelty which was made returnable to the family court on or before the first Monday of December 1961. A copy of the petition was duly served on the respondent on November 2, 1961, together with a citation directing him, if he intended to make any defense to the petition, to cause his written appearance to be entered within ten days after said Monday. The respondent did not do so and, thereafter, on March 6, 1962, following an ex parte hearing, the family court entered a decision, entitled interlocutory decree, granting the petition and ordering the respondent to pay the petitioner's counsel a fee of $150.

On March 16, 1962, respondent filed a motion to vacate the interlocutory decree. After a hearing thereon the family court denied the motion and respondent excepted to such decision. He has brought the case here by bill of exceptions containing this single exception.

Ordinarily an independent petition or motion filed after a decision on the merits of a divorce petition is reviewable in this court by appeal. *White* v. *White*, 77 R. I. 418; *Tobin* v. *Tobin*, 70 R. I. 362. But where a motion directly attacking the decision on the merits is filed before the entry of a final decree thereon, we have held that review is properly by bill of exceptions. *Harrington* v. *Harrington*, 66 R. I. 363. Such is the situation in the instant case.

While the matter of appropriate appellate procedure is not a subject of contention between the parties here, we have thought it worthy of discussion to avoid any possible

misapprehension that prior cases on this point no longer state the applicable law.

The respondent's motion to vacate alleges certain facts on oath as the basis for vacating the interlocutory decree. For this reason the justice of the family court who considered the motion found that there was no necessity for taking testimony. He denied the motion on the ground that nothing appeared therein to suggest that the interlocutory decree was "invalid because of fraud or any related matter." He also commented adversely on the right of respondent to be heard in the absence of a proper entry of appearance in accordance with the directive in the citation or of a late entry by leave of court.

It appears from the motion that respondent on February 10, 1962, without prior permission of the court, filed a written entry of appearance pro se which was received, file marked, and filed with the papers in the case by the clerk of the family court. The motion alleges further that respondent received no notice of the ex parte hearing held thereafter on the petition for divorce, that he has a defense to the money orders entered against him in the interlocutory decree, that he is without sufficient funds to comply therewith, that petitioner has funds sufficient to pay her own counsel fee, and that he is aggrieved by the entry of the decree. Nowhere in the motion is it alleged that respondent has a prima facie meritorious defense to the petition for divorce.

Assuming without deciding that in a divorce case the respondent's late entry of appearance without leave of court first had and obtained was sufficient to put the court on notice that the respondent intended to contest the petition and therefore the hearing thereon should not have proceeded ex parte, the question nevertheless remains, do the allegations in the motion furnish a valid ground for vacating the decree. We think not. It is clear therefrom that

the only matter which the respondent desires to contest is not the granting of the divorce but merely the award of a counsel fee. If he is actually aggrieved thereby and can show good cause why the award should be revoked or reduced he has an adequate remedy for such purpose by way of a motion to modify the decree.

The respondent's exception is overruled, and the cause is remanded to the family court for further proceedings.

*Higgins, Cavanagh & Cooney, Guido R. Salvadore,* for petitioner.

*Pontarelli & Berberian, Aram K. Berberian,* for respondent.