FRANK PATE *vs.* EMMA PATE.
EMMA PATE *vs.* FRANK PATE.

JANUARY 17, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. These are two petitions, one a miscellaneous petition, so called, for relief without the commencement of an action for divorce pursuant to the provisions of G. L. 1956, §15-5-19, wherein the petitioning wife seeks an allowance for support. The other is a husband's petition for an absolute divorce. The petitions were heard separately by a justice of the family court who thereafter entered a decree on June 1, 1962 denying and dismissing the miscellaneous petition of the wife. The husband's petition for an absolute divorce was granted after hearing on June 21, 1962, and an interlocutory decree, so called, was entered with respect to such decision on June 28, 1962. Thereafter, on August 3, 1962, the petitioning wife, hereinafter sometimes referred to as the appellant, in each case moved to vacate the decree entered therein on the ground of accident, mistake, or unforeseen cause as provided in G. L. 1956, §9-21-2. These motions were heard together by a justice of the family court, and a decree was entered denying the motion in each case on November 19, 1962. From the decree thus entered in each case the appellant has prosecuted to this court both an appeal and a bill of exceptions.

In *Lynch* v. *Lynch*, 93 R. I. 143, 172A.2d 335, this court expressly held that a review of decisions of the family court involving petitions for relief brought under the provisions of §15-5-19 is to be obtained by way of a bill of exceptions. In *Hreschak* v. *Hreschak*, 96 R. I. 85, 189 A.2d 689, we noted also that a bill of exceptions is the appropriate procedure for obtaining a review of decisions made with respect to motions attacking a decision on the merits in a petition for divorce where a final decree has not been entered. It is, therefore, our opinion that the appeal of appellant from the decision on the motion in each case should be denied pro forma.

It appears from the record that appellant in petitioning for relief under §15-5-19 was represented by William G. Grande, a member of the bar of this state. The decision of the trial justice discloses that Mr. Grande had asked for leave to withdraw as counsel for appellant and that when he had made it appear to the court's satisfaction that he had complied with its direction concerning notice to appellant of the pendency of his petition to withdraw, his request was granted on May 18, 1962. There is in evidence a letter dated May 22, 1962 addressed to appellant and signed by Mr. Grande which reads in pertinent part: "Be advised that on Thursday May 17, 1962 I was granted permission by the court to withdraw as your attorney in the above matter. Altho you knew that your petition was down for hearing today, you did not appear. I protected your interests as amicus curiae and the matter was continued to Tuesday May 29, 1962 at 10:00 A.M.," at which time the miscellaneous petition was dismissed by the trial justice.

There is also in evidence a copy of a letter dated June 1, 1962 addressed to appellant and signed by Mr. Grande which refers to the pending petition of her husband, hereinafter sometimes referred to as the appellee, for an absolute divorce and reads in pertinent part, "It is imperative you immediately engage an attorney to represent you and protect your interests in the above matter," and goes on to inform appellant that her miscellaneous petition had been dismissed on May 29 "because you failed to appear or engage new counsel." It is conceded that Mr. Grande had not entered an appearance in the petition for divorce.

In each case appellant filed an affidavit in support of her motion to vacate the decree therein entered, stating that she had not been given notice that hearing on the miscellaneous petition had been continued to May 29 nor of the pendency on June 21 of the hearing on the petition of appellee for absolute divorce. She concedes therein also

that Mr. Grande had notified her by letter of May 22 of his withdrawal as her counsel in the prosecution of her miscellaneous petition and states that she thereupon attempted to engage Arthur Conaty, a member of the bar of this state, as counsel without success. It is clear from the record, however, that early in July the counsel presently representing appellant had entered an appearance in each case. The affidavit also sets out that appellant lives alone and does not speak English.

The instant motions to vacate were heard together on November 15, 1962 by a justice of the family court. At this hearing testimony was adduced to establish receipt by appellant of the letters above referred to and as to her ability to understand the contents of those letters and to otherwise contradict the contents of her affidavits. In his decision the trial justice reviewed the fact situation and concluded on the basis of the record that appellant had been given notice of the pendency of the hearings on May 29 and June 21. He went on to say in part: "There is nothing in the affidavit that leads me to conclude that Mrs. Pate was without notification in sufficient time with the use of due diligence — especially due to the fact that her own testimony was she took letters when she got them to a lawyer." He thereupon denied the motion of appellant in each case to vacate the decree entered therein. It is clear from the decision that the trial justice based each denial on his conclusion that appellant had actual notice of the pendency of hearings on the petitions.

It is our opinion that appellant's knowledge of the pendency of the proceedings here involved is not necessarily controlling on the question of her entitlement to have the decree entered in either case set aside. The motions were made pursuant to G. L. 1956, §9-21-2, which provides that where there has been entry of judgment by default or by mistake, "the court entering the same shall have control over the same for the period of six (6) months after the

entry thereof, and may, for cause shown, set aside the same and reinstate the cause * * *." It is settled that motions made pursuant to this statute are addressed to the sound judicial discretion of the court, and unless it appears that the trial justice abused his discretion or made his determination on an error of law, that determination will not be disturbed by this court on review. *Pono* v. *Cataldo,* 89 R. I. 242.

Turning first then to the miscellaneous petition filed by appellant, the basic question is whether she has in support of her motion to set aside the decree of dismissal shown such cause as to establish that the trial justice in denying that motion abused his judicial discretion. It is clear from the record that appellant had been given precise and specific notice in the letter dated May 22, 1962 of the pendency of the hearing on May 22 and that in her absence Mr. Grande acted to have it continued for hearing to May 29. The appellant concedes receipt of this letter although she challenges the precise time at which she was made aware of its contents. In other words, in the state of the record here, disclosing as it does appellant's knowledge as to the pendency of the hearing on the miscellaneous petition, may she reasonably be charged with foreseeing that her failure to attend court on May 29 either through counsel or, failing that, by personal appearance would probably result in that petition being dismissed?

The trial justice took the view that she was chargeable with an obligation to foresee reasonably that her default would result in his dismissal of the petition. In this circumstance he had before him the affidavit of appellant and the letter of Mr. Grande, and he saw and heard appellant as she testified concerning the circumstances which she claims vitiated the notice contained in the letter. In these circumstances we cannot hold that his dismissal of the miscellaneous petition constituted an abuse of sound judicial

discretion. It is to be noted with respect to the miscellaneous petition that, appellant being the petitioner, matters concerning a meritorious defense are without relevance.

On the other hand, it is our opinion that the denial by the trial justice of appellant's motion to set aside the interlocutory decree, so called, entered in the husband's petition for an absolute divorce must be viewed as constituting an abuse of his sound judicial discretion. It is important to note that appellant has not raised any question as to the proper service of citation upon her in this action for divorce and that the husband does not question the sufficiency of the statement of a meritorious defense set out in appellant's affidavit. In other words, the validity of the decision of the trial justice on this motion to vacate turns on whether the notice given appellant concerning the pendency of hearings on that petition was sufficient to charge her with reasonably foreseeing that a failure to appear at such hearings, either through counsel or in person, would result in the granting of the husband's petition for an absolute divorce.

Referring once more to the copy of a letter dated June 1, 1962 addressed to appellant and signed by Mr. Grande, it is to be noted that the husband's petition for divorce is referred to therein only by title and the file number. By a mere reference to that title and file number Mr. Grande attempted to inform appellant that it was imperative for her to engage immediately an attorney to "protect your interests in the above matter." At this time Mr. Grande had already notified appellant that he was no longer representing her in her miscellaneous petition, and it is conceded that at no time did he represent her in the matter of the husband's petition for divorce. It is clear from the record that that petition was first heard on June 7 and that after a continuance to June 14 was further heard on June 21, at which time decision was entered for the petitioner. On

190

June 28 the interlocutory decree, so called, here under consideration was entered. Nothing in the transcript of the hearing on either of the instant motions discloses any specific reference to the letter of June 1 or any testimony indicating that appellant had knowledge concerning the pendency of the above-stated hearings in the divorce action.

This state of the evidence, when viewed in the light of the policy of this court to construe liberally statutory provisions which by their nature are intended to provide defaulted litigants with a day in court, *Ktorides* v. *Kazamias*, 75 R. I. 465, 469, is persuasive that appellant here has shown cause sufficient to warrant granting her motion to set aside the interlocutory decree under consideration. We are strengthened in this conclusion by the fact that in divorce cases the state is virtually a party and unlike other civil actions has an interest in the maintenance of the marital relation. *Smith* v. *Smith*, 69 R. I. 403. In *Hall* v. *Hall*, 63 R. I. 148, 156, this court noted the peculiar status of litigation involving a dissolution of the marital status. We said: "In such a case, as this court has frequently observed, the state is, to a certain extent, an interested party. It has an interest to see that the marital status of the parties is preserved if that is possible. It is also interested in seeing to it that, if the marital bond must be dissolved, the innocent party shall receive the protection of the court and that the guilty party shall not wholly escape the obligations he assumed when he entered the marital union unless it be the will of the innocent party." It is then our opinion that the denial of the motion to vacate the interlocutory decree, so called, in the circumstances constituted an abuse of discretion.

In the case of Emma Pate v. Frank Pate, Ex. No. 10,500, the petitioner's exception is overruled; in the case of Frank Pate v. Emma Pate, Ex. No. 10,499, the respondent's exception is sustained; the appeal in each case is dismissed

pro forma; and each case is remanded to the family court for further proceedings in accordance with this opinion.

*Kirshenbaum & Kirshenbaum, William Y. Chaika,* for appellee.

*Charles A. Curran, Harold I. Kessler,* for appellant.