*Pontarelli & Berberian, Aram K. Berberian,* for defendant.

208 A.2d 102.
Madeleine J. Poccia *vs.* Fred Benson.
Madeleine J. Poccia *vs.* Paul DiLorenzo.

MARCH 10, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. These petitions for relief under G. L. 1956, §9-21-4, were brought by Madeleine J. Poccia, hereinafter referred to as petitioner, within one year after the entry of judgment by default in the superior court in each of two actions of trespass on the case for negligence. The petitioner, the defendant in each case, conceded liability therein and seeks relief by way of a trial in each case on the question of damages only.

The statute pursuant to which these petitions are brought provides, in pertinent part, that a party in any action or proceeding in the superior court or in any district court "wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, may, within one (1) year after such judgment, petition the supreme court for a trial; and the supreme court may order a trial in the action or proceeding in the court in which such judgment was entered, upon such terms as the supreme court shall prescribe."

On several occasions we have considered this statute and held that it was intended to provide litigants against whom a judgment had been entered by default with a day in court and that, being remedial in purpose, it should be interpreted liberally in favor of the petitioner. However, we have noted also that, in providing for relief by way of a trial in these cases, the legislature prescribed as conditions precedent to the grant thereof a showing that the default judgment was entered either by accident, mistake, or unforeseen cause and that, absent a showing of at least one of these conditions,

this court is without jurisdiction to act affirmatively thereunder. *Cataldo* v. *Pono,* 89 R. I. 240. We recently stated that in our opinion "this court is without authority to order a trial pursuant to this statute absent a showing that the default was entered by reason of accident, mistake, or unforeseen cause." *Petition of deBrabant,* 96 R. I. 61, 64, 188 A.2d 901, 902.

We are persuaded from the record before us that the default judgments were not entered by either accident or mistake of fact. It is, therefore, petitioner's burden to establish that they were entered by reason of unforeseen cause, that is to say, by reason of some condition or circumstance with respect to which she reasonably is not chargeable with notice or knowledge. In *Ktorides* v. *Kazamias,* 75 R. I. 465, the petitioner had been sued in the courts of this state by the attachment of an account in a bank located in Pawtucket. At the time, the petitioner was a resident of the Commonwealth of Massachusetts, and in the circumstances we held that he ought not to be charged with knowledge that a suit could be instituted against him in this state simply by attaching the bank account to which reference is made above. It is to be conceded that this decision went to the limits of the wide discretion conferred upon this court to grant relief under this statute. In the instant case, however, we would, in our opinion, act in excess of that discretion were we to hold that this petitioner could not be reasonably charged with knowing that a judgment might be entered against her in cases in which she had been served with process on November 30, 1963.

In her petition she alleges that she did not inform her husband of the service of these writs because he was recuperating from a serious illness but that just prior to the return day of the writs, January 10, 1964, she telephoned an attorney, making an appointment to consult with him at his office on January 14, 1964. She claims that a heavy

snowfall on January 14 made it difficult for her to go from her home in West Warwick to Providence for that consultation, and that the unfavorable road conditions continued for several days thereafter. She concedes that she did not call her attorney for another appointment and that she did not give him the writs, stating in fact that she could not remember what she did do with them. She asserts further that she had never been involved in litigation prior to this occasion and that until she received a letter from counsel for the plaintiffs in these cases on October 19, 1964 she believed that the actions had been dropped.

This recital of the circumstances in which the default judgments were entered is persuasive that no condition existed at any time that reasonably could be construed as constituting an unforeseen cause within the meaning of the statute. To the contrary, it is clear therefrom that these default judgments were entered because petitioner neglected to take precautions against just such action on the part of the plaintiffs, being fully aware that, absent some attention to these writs, consequences adverse to her interests might well follow. Her undertaking to consult with counsel is significant of her knowledge that prudence required some protective action on her part, but she failed to follow such a course and concedes that she assumed that the litigation had been abandoned, having no reasonable grounds for so doing.

In *Petition of deBrabant, supra,* we said that "The purpose of the statute is to give the defendants who have been deprived of their day in court without any dereliction or omission on their part an opportunity to have a trial on the merits. The legislature did not intend to give such a trial to a defendant who by his own neglect or omission created a situation in which a default judgment could properly be entered." We reluctantly conclude that petitioner here is clearly within the purview of the restrictions on

eligibility for the relief provided in the statute to which we refer above.

We have examined the petitioner's contention concerning the failure of the plaintiffs to comply with the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. While rule 44 of the rules of practice of the superior court provides that prior to entering a judgment in a civil action an affidavit must be filed, setting out either that the defendant is or is not a member of the armed forces, we are of the opinion that it is well settled that only those who have been in the military forces may take advantage of a plaintiff's failure to comply with this rule. See *Thompson* v. *Lowman*, 108 Ohio App. 453.

The petitions for trial are denied and dismissed.

PAOLINO, J., dissents.

*Brosco and Brosco, Fred Brosco,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondents.