213 A.2d 811.

BARBARA WRIGHT *vs.* EDITH DELGIUDICE.

NOVEMBER 3, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This case is here on the plaintiff's exception to a decision of a justice of the superior court granting the defendant's motion to remove a default judgment in the amount of $2,187.45 entered against her, to recall and to stay an execution issued thereon, and to reinstate the case for trial.

The decision we review was made pursuant to G. L. 1956, §9-21-2, wherein it is provided in material part that the court entering a default judgment may at any time within six months set it aside "for cause shown." We inquire only whether the decision complained of was an abuse of discretion or a determination based on an error of law. *Pate* v. *Pate,* 97 R. I. 183, 196 A.2d 723; *Pettis* v. *Henderson,* 91 R. I. 191; *Vitullo* v. *Ambrosino,* 77 R. I. 84.

At an early date in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, we laid down the rule, and have since followed it, that the authority of a court entering a default judgment to remove the same "for cause shown" is identical with that of this court under §9-21-4 to order a trial where "by reason of accident, mistake, or unforeseen cause" none has been had. Although we will follow the *Rocky Point Amusement Co.* rule of equivalence, it is by no means crystal clear that "for cause shown" should be equated with "by reason of accident, mistake, or unforeseen cause." The dissimilarity in phrasing is not happenstance. It suggests a legislative intention to differ-

entiate between the restrictions governing the exercise of the power by the tribunal entering the judgment and the limitations imposed upon the authority of this court to act. If there is a distinction, then obviously the power to remove "for cause shown" is the more latitudinous.

Turning now to the decision of the trial justice for the purpose of determining whether under "accident, mistake or unforeseen cause" principles she either abused her discretion or committed an error of law, we find that she predicated her affirmative action upon two grounds. First, she found that defendant by reason of a physical disability was unable to appear in court during the eleven-month period intervening between the time of the service upon her of a motion to assign the case for trial and the day she was defaulted. During that period she was *in fact* without counsel. In these circumstances the trial justice determined that the interests of justice would best be served by affording defendant an opportunity to come into court and present the defense which in her affidavit she states she has.

Not under this statute, but under other enactments permitting a relaxation of strict requirements if failure to comply is due to accident, mistake, or unforeseen cause, we have held that a disabling physical or mental condition will excuse noncompliance with the time limitations fixed for the filing of petitions for benefits under the workmen's compensation act and for the taking of appeals from decrees of municipal or probate courts. *Kenyon* v. *Hayhurst,* R. I. 89 A. 15; *Eddy* v. *Angell,* R. I. 85 A. 936; *Donahue* v. *R. A. Sherman's Sons Co.,* 39 R. I. 373. Having concluded as we did in those cases, we cannot now say that the trial justice abused her discretion when she found that defendant, who for practical purposes was unrepresented, was unable by reason of her physical disabilities to protect her rights  In the circumstances it was not either an abuse of discretion or an error of law to excuse the litigant from a vigilant attention to strict requirements.

The second ground forming the basis for the exercise of the trial justice's discretion is found in the factual circumstances relating to defendant's representation by counsel. It appears that while the case was unassigned for trial the firm of attorneys who previously had entered its appearance on her behalf upon application of a member thereof moved for leave to withdraw. That motion was granted notwithstanding that the record failed to disclose either that notice of the motion had been given to the defendant or that withdrawing counsel had filed with the clerk of the court either the last known address of his client, or an affidavit regarding her military service. Such notice and filings are necessary precedents to a withdrawal by counsel under Rule No. 12a of the Rules of Practice and Orders of the Superior Court (1957). Finding that the withdrawal was abortive and of no legal significance and observing that service of the motion to assign had been made on defendant rather than on counsel of record as required by Rule No. 26a of the Rules of Practice and Orders of the Superior Court (1957), the trial justice concluded in substance that a default judgment entered in a case not properly on the trial calendar should be vacated. To give the defendant her day in court in these circumstances is not in our judgment either an abuse of discretion or an erroneous determination of law.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Votolato & Votolato, Arthur N. Votolato, Jr.,* for plaintiff.

*Giovanni Folcarelli,* for defendant.