219 A.2d 478.

LEBANON STEEL FOUNDRY *vs.* EFCO HYDRAULICS, INC.

MAY 18, 1966.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an action of assumpsit in which the defendant was defaulted in the superior court. Thereafter defendant's motion to remove the default and reinstate the cause was granted, subject to certain terms, under the provisions of G. L. 1956, §9-21-2. The case is before us on the plaintiff's exception to the decision of the trial justice granting such motion.

The question presented by plaintiff's exception is whether there has been an abuse of discretion by the trial justice on the basis of the factual situation here.

The following are the pertinent facts. The plaintiff commenced the instant action by a writ of summons, service of which was accepted by defendant's then counsel who entered his appearance on the record. After the pleadings were closed, plaintiff's motion to assign the case to the miscellaneous calendar for December 7, 1964 was granted. On that date, at the request of defendant's counsel, the cause was continued to April 12, 1965. On April 9, 1965 plaintiff's counsel contacted the office of defendant's counsel and, being unable to reach him, reminded his secretary that the case was scheduled for hearing on April 12, that it was near the top of the calendar and likely to be reached, and that plaintiff had a number of witnesses coming substantial distances to testify in its behalf.

On April 12, 1965, about ten minutes before the call of the calendar, plaintiff's counsel received a call from the secretary for defendant's counsel informing him that her employer no longer represented defendant; that he, defendant's then counsel, did not intend to appear at the trial that morning; that defendant was out of town; and that defendant's counsel did not know what defendant intended to do about it. There is nothing in the record indicating that

defendant's counsel requested or received the court's approval to withdraw; in fact there is no stipulation in the papers evidencing his withdrawal. See Rule No. 12 of Rules Of Practice and Orders of the Superior Court, 1957, governing the withdrawal and excuse of attorneys.

It appears from the transcript that when the calendar was called the trial justice was informed of the circumstances; that, at his suggestion, the case was continued to 2 p.m. and plaintiff's counsel was advised to attempt to locate defendant's counsel and notify him that the case was ready for trial at 2 p.m.; that plaintiff's attempts to locate defendant's counsel were unsuccessful; and that when the case was called at 2 p.m. defendant was defaulted.

On June 10, 1965, E. Harold Dick, Esquire, a partner in the firm of Dick and Carty, filed a stipulation entering their appearance for defendant. On June 11, 1965 plaintiff filed a motion to assign the cause to the formal miscellaneous calendar on July 9, 1965 for proof of claim. A copy of same was mailed to Mr. Dick, who thereafter, on June 14, filed a motion to remove the default, to vacate the July 9 assignment, and to reinstate the cause for a hearing on the merits. Attached to such motion is an affidavit of the president of defendant corporation. In addition defendant's new counsel filed a certificate stating that defendant's motion is not a frivolous one and that it is based on good cause to have said default removed.

The defendant's motion alleges in substance that its former counsel had not notified defendant that the case was assigned for hearing and that he did not appear to notify the court that defendant had not been so notified.

The president of defendant corporation, in support of the motion to remove the default, filed an affidavit alleging in substance that he is familiar with the facts of the case; that as far as he knows neither defendant nor any of its servants or agents was ever notified by its former counsel that the

case had been assigned for hearing on its merits on April 12, 1965; that had defendant been notified, it would have appeared and defended the action; that on April 12, 1965 the affiant was out of the state and unable to be contacted by any person of authority in his office at the time; and that through accident, mistake or unforeseen cause, defendant did not appear to defend the action.

He further alleges that the instant action is one for breach of contract to which defendant has a good and meritorious defense based on plaintiff's failure to carry out the terms of the agreement between the parties and that in addition defendant is entitled to money from plaintiff by way of setoff as a result of plaintiff's breach of contract.

After a hearing on the motion the trial justice concluded that defendant had presented a proper case for removal of the default and reinstatement of the cause for a trial on the merits so that defendant might have its day in court. He ordered the removal of the default and reinstatement of the case for trial on the merits. Additionally, he ordered defendant to pay plaintiff's counsel $50 as a counsel fee and $50 for expenses.

The parties have briefed and argued plaintiff's exception under two main points. For convenience we shall treat this appeal in like manner.

## I.

It is conceded that defendant based its motion to remove the default on the provisions of G. L. 1956, §9-21-2, which reads as follows:

> "In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or

without terms, as it may direct by general rule or special order."

In support of its exception plaintiff contends that there was no evidence upon which the trial justice could properly make a finding of "cause shown" and that defendant has failed to establish its burden of showing that it has a prima facie meritorious defense to plaintiff's action.

The law governing the removal of defaults under §9-21-2 is well settled, but difficulty arises at times in applying it to specific cases. In *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, in discussing the predecessor statutes of §§9-21-2 and 9-21-4, respectively, the court said at page 459:

> "The power conferred on the courts in this section is in its nature, and in regard to the restrictions which should govern its exercise, identical with the power given this court to grant a trial in the Superior Court or in any district court under the provisions of Section 1, Chapter 297, General Laws, 1909. During six months after judgment by default the jurisdiction to grant relief is concurrent in this court and the Superior Court or any district court in which such judgment has been entered."

The court equated "cause shown" in the one statute (now §9-21-2) with "accident, mistake, or unforeseen cause" in the other (now §9-21-4).

In *Ktorides* v. *Kazamias,* 75 R. I. 465, in discussing the legislative policy upon which statutes such as §§9-21-2 and 9-21-4 rest and in justification of its literal application of the statute in that case the court said at page 469:

> "We think it may be said in justification of such liberality that it was clearly the intent of the legislature in including such cause in chap. 535, §4, to vest this court with a wide discretion to grant petitioner a trial whenever we could reasonably do so in order that no person should be deprived of his day in court unless through some fault peculiarly his own."

See also *Pate* v. *Pate,* 97 R. I. 183, 190, 196 A.2d 723, 727.

The rule governing courts in passing on this question was stated in *Milbury Atlantic Mfg. Co., supra,* and has been repeated many times by this court. See *Pate, supra,* at page 726, and *Poccia* v. *Benson,* 99 R. I. 364, 366, 208 A.2d 102, 103. The motion or petition preferred under either §§9-21-2 or 9-21-4 is addressed to the judicial discretion of the court. However, for a discussion of the court's view of the potential distinction between these two statutes, see *Wright* v. *DelGiudice,* 100 R. I. 234, 213 A.2d 811. Upon review this court will not set aside the determination of an inferior court upon such a motion unless it appears that there has been an abuse of discretion or that the determination is based upon an error of law. As the court said in *Milbury Atlantic Mfg. Co., supra,* at 460:

"We have held that 'the remedy which a party has after default is only incidentally dependent upon the merits of his case.' * * * The position of the court has been, however, that this remedy will be withheld unless the party, as a part of the cause shown, makes it appear, if he be a defendant, that he has a defence which he desires to present in case a trial is granted, and that it is one which, if established, should have an affect [sic] upon the result. * * * We have always regarded the statement of defence as an appropriate, if not necessary, allegation of a petition for relief. We would not prescribe the form of petition to be entertained in the Superior Court. We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defence which is *prima facie* meritorious, and which in good faith he desires to present at the trial if one be granted to him."

In *Milbury Atlantic Mfg. Co., supra,* the court also cited with approval the holding in *Centreville National Bank* v. *Inman,* 34 R. I. 391. In the latter case the court held at page 393 that:

"In the matter of motions to take off defaults, where the question whether the defendant has a defence on

the merits is involved, it has been frequently held, that the court hearing the motion will not seek to determine whether the defence claimed will prevail on a trial; * * * nor will the court, on the motion, hear counter affidavits on the merits or examine into the truth of the allegations of defence * * *."

In discussing the *Inman* case the court in *Milbury Atlantic Mfg. Co., supra,* stated at page 461:

"The error that we found in the action of the justice of the Superior Court who presided in that cause was that he heard the evidence for the purpose of passing upon its sufficiency to support the defendant's claim, and denied the application for relief solely because he reached the conclusion that in his opinion the defence should not prevail. This was a matter that could only properly be passed upon by the tribunal charged with the trial of the case. The plain distinction which this court drew in its opinion, a distinction universally recognized in the authorities, was that it was the duty of the Superior Court to determine whether or not the defence urged was frivolous or was one that amounted to a defence in law, and whether or not it was being urged in good faith."

The trial justice in the case at bar obviously based his decision not only on the allegations contained in the affidavit of defendant's president, but also upon the following oral statements of defendant's new counsel at the hearing on the motion to remove the default that:

"* * * the contract was breached by the plaintiff and not by the defendant, and secondly, that the plaintiff failed to carry out the terms of the contract with respect to certain molds which were going to be used by the defendant in connection with a Navy contract he had, that it had required this be done within a specific time. There has been serious delay here on the part of the plaintiff by preventing the defendant from being able to perform its contract with the Navy, so the Navy cancelled the defendant's contract. The plaintiff came up with the material and equipment later and was of no value to the defendant so he was not able to keep his contract with the Navy."

On the basis of the record before the trial justice, it is our opinion that cause was shown under the statute warranting an exercise of his discretion in removing the default and reinstating the cause for trial. In his decision the trial justice stated: "The defendant presents a proper case for the removal of the default and the reinstatement of the case so that the defendant may be entitled to come into Court and have his day in Court. * * * It seems to me under the particular circumstances justice requires that the case be reinstated and default removed."

Although his decision does not contain express findings that defendant, as the moving party in the motion to remove the default, has complied with the conditions precedent to the grant of such motion as set forth in *Milbury Atlantic Mfg. Co., supra,* and the later cases dealing with this problem, see *Poccia* v. *Benson, supra,* it is reasonable to assume, and we do so here, that such findings are implicit in his decision. Notwithstanding this, we believe that it would be better practice and certainly most helpful for the reviewing court if the record contained express findings by the trial justice on (1) the question whether the moving party has shown to the satisfaction of the court that he has a defense which is prima facie meritorious and which in good faith he desires to present at the trial if one is granted to him, and (2) the question whether the defense urged is frivolous or is one which amounts to a good defense in law. *Milbury Atlantic Mfg. Co., supra; Nelen* v. *Wells,* 45 R. I. 424.

We have read all the cases cited by plaintiff under point I of its brief. It will serve no useful purpose to discuss them except to say that material factual differences make them inapplicable to the instant case and for that reason they do not help plaintiff.

## II.

We come now to plaintiff's contention that even if the trial justice did not abuse his discretion in removing the default and reinstating the cause for trial on the merits, he is guilty of an abuse of discretion, *Pate, supra,* with respect to the terms he prescribed for the payment of counsel fees and expenses. In our opinion there is merit in this contention.

We believe that justice and fairness require that plaintiff should not be burdened with unreasonable expenses in the circumstances presented here. The plaintiff was in no way responsible for defendant's failure to appear for trial on April 12, 1965—nor for the necessity of the hearing on June 17, 1965 on the motion to remove the default. In his statement to the court on June 17 plaintiff's counsel informed the court that plaintiff had incurred an approximate expense of $300 for air travel and hotel expense for three of its employees who came here from out of the state to testify in this case plus a loss to plaintiff of the time and services of such employees to the value of approximately $375. In addition plaintiff's counsel spent the greater part of April 12, 1965 in the superior court; they spent time in the superior court on June 17, 1965 on the hearing of the instant motion; and finally they were required to prepare and defend defendant's appeal in this court.

We do not have the benefit of the trial justice's reasons for awarding a counsel fee of $50 and expenses of $50. However, it seems to us that such amounts do not realistically respond to the uncontradicted representations of an officer of the court as to the actual expenses incurred through no fault of the plaintiff. In the circumstances it is our judgment that the plaintiff should be reimbursed in the sum of $300 for out-of-pocket expenses and $250 for counsel fees for the proceedings in the superior court and for the expenses of preparing a brief and appearing in this court.

The plaintiff's exception is overruled, provided the defendant shall pay to the plaintiff costs of $300 and a counsel fee of $250 on or before June 10, 1966, whereupon the papers shall be returned to the superior court for further proceedings; otherwise the plaintiff's exception is sustained and the case is remitted to the superior court for further proceedings in accordance with our decision.

*Winograd, Winograd & Marcus, Allan M. Shine,* for plaintiff.

*Dick & Carty, Joseph B. Carty, Paul J. Pisano,* for defendant.