223 A.2d 350.

ROBERT COLVIN *vs.* EARL GOLDENBERG.

OCTOBER 24, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The decisive question raised by the plaintiff's bill of exceptions is whether, by accepting payment from the defendant of certain costs and fees upon the payment of which a justice of the superior court had conditioned his order vacating a nil dicit judgment and reinstating the case for trial on the merits, the plaintiff has waived his right to appeal from such order.

The question arose as follows. The plaintiff alleges that he was injured by an automobile owned and operated by defendant on a public highway in the city of Providence. Sometime after the accident he instituted this action of trespass on the case for negligence by writ returnable to the superior court. Within the time prescribed by law defendant failed to enter his appearance or to file any pleading to the writ and declaration which plaintiff had filed on the return day. As a consequence of defendant's failure, plaintiff filed a motion for a nil dicit judgment and, after a hearing thereon, the trial justice assessed damages and entered a judgment for plaintiff in the sum of $4,500 and costs.

Execution issued and was served upon defendant, but at defendant's request plaintiff agreed to recall the execution and vacate the judgment on condition that defendant pay plaintiff's costs of $12.80. After defendant failed to pay such costs, plaintiff advised him that he was going to proceed under the judgment and he thereupon petitioned for a citation in supplementary proceedings. However, at defendant's request he continued the supplementary proceedings for two weeks so that defendant could file a motion to vacate.

On April 30, 1965 defendant filed a motion to remove the default, vacate the judgment, recall the execution, be allowed to enter a plea, and assign the case for hearing on

the merits.[1] He also filed an affidavit of defense. After a hearing on May 13, 1965, the trial justice denied defendant's motion on the ground that his affidavit was inadequate.

On May 17, 1965 defendant filed two other motions. One was to rescind and annul the May 13, 1965 ruling denying his motion to vacate; the second was another motion to vacate the nil dicit judgment to which defendant attached a new affidavit of defense. These motions were heard on May 20, 1965. It appears from the transcript that defendant requested the trial justice to correct the record of the May 13, 1965 hearing so that it would indicate that his ruling denying defendant's motion to vacate was without prejudice.[2] After some colloquy between the trial justice and counsel for both parties, he granted defendant's request over plaintiff's objection and noted the latter's exception.

The trial justice then heard defendant's motion to vacate the nil dicit judgment and reinstate the case for hearing on the merits. He granted the motion on condition that defendant pay plaintiff his costs and a counsel fee of $250 within five days. The defendant complied with the conditions imposed by the trial justice and, although plaintiff's counsel took an exception to his ruling, he accepted the money tendered to him by defendant in payment of the costs and counsel fee. Thereafter plaintiff filed a bill of exceptions challenging the rulings of the trial justice.

The plaintiff has briefed and argued his exceptions under two main points and we shall treat them in like manner. We shall first consider his contention that the trial justice abused his discretion in granting defendant's motion to

---

[1] This motion was filed under the provisions of G. L. 1956, §9-21-2, as it read prior to the enactment of P. L. 1965, chap. 55, sec. 36, which amended §9-21-2 but did not become effective until January 10, 1966.

[2] It appears from the transcript that the trial justice hesitated to correct the record as requested on May 13, 1965 because plaintiff's counsel was not present when the request was made.

correct the record of his ruling of May 13, 1965 to indicate that defendant's motion to vacate was denied "without prejudice."

We are satisfied from a reading of the transcript that the only reason he declined to correct the record when this was called to his attention by defendant's counsel on May 13 was because opposing counsel was not present. However at the next hearing on May 20, 1965, when opposing counsel was present, he corrected the record by noting thereon that the motion in question was denied without prejudice. As we view the record the action of the trial justice was not a reversal of his prior ruling; it merely corrected the record so that it would reflect the actual decision which he intended to enter on May 13, 1965. We find no error in this ruling. Since the denial was without prejudice this was not res judicata and consequently defendant was not barred from filing a second motion to vacate.

The plaintiff's next contention is that the trial justice abused his discretion in granting defendant's second motion to vacate the nil dicit judgment. The law in this state governing the vacation of default judgments under our statuates has been well established in a long line of cases. *Lebanon Steel Foundry* v. *Efco Hydraulics, Inc.*, 100 R. I. 749, 219 A.2d 478; *Fiske* v. *Marino*, 100 R. I. 758, 219 A.2d 471; *Wright* v. *DelGiudice*, 100 R. I. 234, 213 A.2d 811; *Korsak* v. *American Motorists Ins. Co.*, 87 R. I. 89. However, on this record we do not reach the question whether the trial justice abused his discretion in the circumstances, because we hold that by accepting the money which the trial justice directed to be paid to him plaintiff is deemed to have assented to the order setting aside the judgment and to have waived his right to appeal from such order. The plaintiff's statement in his brief that he placed this money in his escrow client's account and that such proceeds have not been used by him is of no consequence.

As we have already stated, the trial justice vacated the judgment on condition that defendant pay plaintiff costs and a counsel fee. The defendant paid and plaintiff accepted. Even though the order of the trial justice was made over plaintiff's objection, his acceptance of the money thereafter precluded his challenging such order. As the court said in *County of San Bernardino* v. *County of Riverside*, 135 Cal. 618, 620:

> "A party cannot accept the benefit or advantage given him by an order and then seek to have it reviewed. After receiving the money which the court has directed to be paid to him, he will not be heard to say that the court erred in making such order, and if by the order a right or favor is given to the other party as the consideration for making such payment, the party receiving the money will be held to have assented to a granting of the favor or right. Accordingly, it is held that where an order is made upon the condition of payment of costs, an acceptance of such costs is the waiver of the right to appeal from the order."

Although we have no decision of this court on this issue, it is our opinion that the rule stated in *County of San Bernardino* v. *County of Riverside*, *supra*, is sound and is applicable to the factual situation in the case at bar. This rule has been generally accepted in other jurisdictions where the issue has arisen. See *Lounsbery* v. *Erickson*, 16 S.D. 375; *Clair Marcelle, Inc.* v. *Agfa Ansco Corp.*, 294 N.Y.S. 929; *Green* v. *Jereissati*, 151 N.Y.S. 989; *Feldmeier* v. *Springfield Fire & Marine Ins. Co.*, 171 Wis. 377; *Smith* v. *Coleman*, 77 Wis. 343.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for further proceedings.

*Weller & Wilkins, Joseph C. Johnston, Jr.,* for plaintiff.

*Moses and Lauria, Israel Moses,* for defendant.