334 A.2d 212.

IN RE JULIE.

MARCH 24, 1975.

PRESENT: Roberts, C.J., Paolino, Joslin and Doris, JJ.

DORIS, J. This is an appeal from a decree of the Family Court denying a motion to vacate an earlier decree of that

court which had granted a petition terminating parental rights to a minor child named Julie.

The record discloses that on February 12, 1974, Children's Friend and Service, a nonprofit licensed Rhode Island child placement agency, hereinafter referred to as respondent, filed a petition in Family Court pursuant to G. L. 1956 (1969 Reenactment) §15-7-6, as amended by P. L. 1970, ch. 132, §1, to terminate the parental rights of the natural parents of Julie, a 3½-year-old child. The natural mother of Julie will hereinafter be referred to as petitioner.

On March 7, 1974, a hearing on the petition was held before a Family Court justice who entered a decree terminating the parental rights of the natural parents of Julie and granting respondent the sole right to consent to the adoption of Julie.

On April 8, 1974, and on June 4, 1974, a husband and wife, cousins of petitioner and residents of Massachusetts, filed petitions in Family Court to adopt Julie. The petitions were consented to by petitioner, but were not consented to by respondent or by Julie's natural father. The petitions for adoption have not been assigned for hearing pending disposition of the instant appeal.

On May 23, 1974, petitioner filed a motion to vacate the termination decree entered on March 7, 1974. The motion to vacate alleges in substance that the termination decree is void and should be vacated on grounds of mistake, inadvertence, surprise, and excusable neglect by petitioner, and misrepresentation by respondent. In support of the motion was an affidavit by petitioner setting forth facts on which the motion was based.

On June 14, 1974, a hearing on the motion to vacate the termination decree was held before a Family Court justice who, before the presentation of any testimony, entertained a motion by respondent to dismiss petitioner's motion to vacate the termination decree. The respondent's motion to

dismiss alleges that the grounds set forth in petitioner's motion to vacate are insufficient as a matter of law.

The trial justice in his decision stated:

> "In effect the Children's Friend and Service who now have custody and are guardian for the child as a result of granting of the termination of rights of the father and mother have demurred to the petitioner's motion to vacate the Court feels as a matter of law the affidavit in support of the motion to vacate the decree of termination is inadequate and therefore grant the motion of Children's Friend and Service to dismiss."

The petitioner alleges that the trial justice erred in finding that the grounds alleged in petitioner's motion and supporting affidavit were insufficient as a matter of law to vacate the termination decree. The petitioner's motion to vacate the termination decree is based on the provisions of §9-21-2, which read as follows:

> "9-21-2. Control retained over judgment or decree.— On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order, decree, or proceeding entered therein for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under applicable law; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and not more than one (1) year after the judgment, order, or proceeding was entered or taken."

The petitioner in her brief has referred to Super. R. Civ. P. 12(b)(6) as pertinent in considering the motion to va-

cate. Rule 12(b)(6) is a Superior Court rule and has no application to the Family Court motion. Since the Family Court has no specific rule applicable to motions to vacate, it is therefore clear that the motion under consideration here is filed exclusively under the authority of §9-21-2.

It is well settled that motions made pursuant to §9-21-2 are addressed to the sound discretion of the court, and unless it appears that the trial justice abused his discretion or made his determination upon an erroneous reading of the law, that determination will not be disturbed by this court on review. *Gaccione* v. *Gaccione,* 112 R. I. 676, 314 A.2d 423 (1974); *Pate* v. *Pate,* 97 R. I. 183, 196 A.2d 723 (1964); *Pono* v. *Cataldo,* 89 R. I. 242, 152 A.2d 99 (1959). It is the policy of this court to construe liberally statutory provisions which by their nature are intended to provide litigants their day in court. *Pate* v. *Pate, supra; Ktorides* v. *Kazamias,* 75 R. I. 465, 67 A.2d 404 (1949).

The petitioner's motion to vacate the decree was based on the allegations in the attached affidavit that respondent misrepresented its having made a search for blood relatives of petitioner interested in adopting Julie and having failed to uncover any interested relatives, and that petitioner would not have consented to termination of her parental rights had she known that the husband and wife petitioning to adopt Julie were blood relatives. Even though petitioner's affidavit does not contend said alleged misrepresentation to be fraudulent, fraud is not necessary to constitute misrepresentation under §9-21-2 since innocent misrepresentation will suffice. *See Halpert* v. *Rosenthal,* 107 R. I. 406, 265 A.2d 730 (1970).

The narrow issue to be decided is whether or not petitioner's motion and attached affidavit set out sufficient facts to require a hearing on the motion to vacate the termination decree. Section 9-21-2 limits the trial justice's discretion by setting forth definite reasons for which relief may be

granted. If the facts do not fit within one of these reasons, as a matter of law they are insufficient. In other words, whether the facts alleged constitute a mistake or misrepresentation within the meaning of §9-21-2 is a question of law. In cases where this court has considered motions to vacate uncontested divorce decrees, we have stated that because of the nature of the case and because the state is an interested party, the burden on the party moving to vacate the decree is less heavy than on a petitioner seeking to remove a default judgment. *Pate* v. *Pate, supra; Carvalho* v. *Carvalho,* 97 R. I. 132, 196 A.2d 164 (1963).

Surely the state's interest can be no less in a termination proceeding than in a proceeding for an uncontested divorce. The child in a termination hearing has more at stake than anyone else involved, and in order that his future not be dependent on the minimal information gleaned from the termination hearing, the policy should be to get all the facts and circumstances before the court. Therefore, consistent with the liberal view we adopted in *Carvalho* and *Pate,* we are of the opinion that in cases involving the termination of parental rights, mistake and misrepresentation as used in §9-21-2 should be broadly construed so as not to bar prematurely a motion to vacate before all the facts and circumstances are heard.

It is significant that Professor Kent, in interpreting Super. R. Civ. P. 60(b) which is similar to §9-21-2, suggests that what constitutes mistake or misrepresentation should depend on all the facts and circumstances, including the posture of the case, 1 Kent, *R. I. Civ. Prac.* §60.3 at 452 (1969).

We have read the petitioner's motion and supporting affidavit, and, consistent with the liberal interpretation adopted in *Carvalho* and *Pate,* both *supra,* we have concluded that the petitioner's motion and attached affidavit allege facts which, if established, would suffice as valid grounds to vacate the termination decree. In finding that the facts as-

serted in the petitioner's affidavit were insufficient as a matter of law to sustain the motion to vacate the termination decree, the trial justice committed error.

The petitioner's appeal is sustained, the decree appealed from is vacated, and the cause is remanded to the Family Court for further proceedings.

Mr. Justice Kelleher did not participate.

Mr. Justice Joslin, concurring. Where the circumstances are special and intervening rights would not make it inequitable to do so, relief from a consent judgment may be granted if the consent was obtained because of the erroneous factual representations of the party in whose favor the judgment operates. *United States* v. *Gould,* 301 F.2d 353, 357 (5th Cir. 1962); *Fleming* v. *Huebsch Laundry Corp.,* 159 F.2d 581, 584-85 (7th Cir. 1947); 7 Moore, *Federal Practice* ¶60.19 at 239-40 (2d ed. 1974); 11 Wright & Miller, *Federal Practice & Procedure* §2858 at 166-67 (1973); *contra, Walling* v. *Miller,* 138 F.2d 629, 631 (8th Cir. 1943), *cert. denied,* 321 U. S. 784, 64 S.Ct. 781, 88 L.Ed. 1076 (1944).[1]

In this case, the well-being of a 3½-year-old child is at stake, and in these circumstances I agree that it was error to grant the motion to dismiss. The case should therefore be remanded for a rehearing on the motion to vacate. At that hearing the party in whose favor the judgment operates should be allowed to challenge the movant's assertion that her consent to the termination order was based upon erroneous factual representations, and should also be afforded an opportunity to produce evidence that for other reasons it would be inequitable to vacate the judgment.

---

[1]Although the cases and texts cited relate to Fed R. Civ. P. 60(b), the pertinent portion of that rule provides the model for G. L. 1956 (1969 Reenactment) §9-21-2.

*Breslin, Sweeney & Gordon, Amato A. DeLuca,* for petitioner.

*Tillinghast, Collins & Graham, DeWitte T. Kersh, Jr., Robert W. Edwards, Jr.,* for Children's Friend and Service; *Timothy J. McCarthy,* for Catholic Social Service, Inc., amicus curiae.