381 A.2d 233.

ANGELINA PASQUAZZI *vs.* FRANK PASQUAZZI.

DECEMBER 29, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a domestic relations matter. On June 5, 1974 the wife's petition for a divorce on the ground of extreme cruelty was heard in the Family Court on its merits, and on July 22, 1974 an interlocutory decree was entered

granting her an absolute divorce and providing for various other matters incidental thereto including custody and support of a minor child, waiver of alimony, and a division of assets. On the same day, the wife moved to vacate that decree because it was obtained by "misrepresentation, duress, mistake and/or fraud." The motion was denied, and the wife appeals.

Although the wife's motion does not specify the legislative enactment under which it was filed, the grounds relied upon are cognizable under G.L. 1956 (1969 Reenactment) §9-21-2. Relief from a judgment, order or decree under that section rests in the sound judicial discretion of the court guided by accepted legal principles. *In re Julie,* 114 R.I. 419, 422, 334 A.2d 212, 214 (1975). One of those principles requires that the movant establish a factual basis justifying the conclusion that the judgment, order or decree was obtained in a manner which constitutes a ground for relief as a matter of law. A mere assertion of the existence of the requisite evidentiary foundation will not suffice to warrant a finding that it exists. What is required instead is proof, and the burden of producing that proof rests on the movant. *Parker* v. *Checker Taxi Co.,* 238 F.2d 241, 243-44 (7th Cir. 1956), *cert. denied sub nom.; Field Enterprises, Inc.* v. *Parker,* 353 U.S. 922, 77 S. Ct. 681, 1 L. Ed. 2d 719 (1957); *Saenz* v. *Kenedy,* 178 F.2d 417, 419 (5th Cir. 1949).

In this case the trial justice found that the wife was an "evasive" witness who was unworthy of belief and had failed to fulfill her burden of establishing her case factually. These findings, like other findings of fact by a trial justice, are entitled to great weight and will not be disturbed on review unless based upon a misconception or oversight of material evidence or otherwise clearly wrong. The wife does not challenge the trial justice's findings on any of these grounds and we perceive no reason for questioning them. In the circumstances the trial justice did not abuse his discretion.

The wife argues in addition that the decree be "amended, altered or annulled" under §15-5-16 because it failed to provide support for a 26-year-old mentally retarded son of the parties and also because it ordered the sale of the marital domicile which had been the long-time residence of that son, thereby adversely affecting his mental stability and well-being. When that request was urged at the hearing, the trial justice ruled, at least implicitly, that the issue of relief under that section had not been raised by the motion, and that consequently it was not before him and could be heard at a later date. That ruling was within the trial court's discretion and will not be disturbed on appeal.

The wife also assigns as error certain evidentiary rulings, but in view of our conclusions as to her other contentions, those rulings, even if erroneous, were not prejudicial.

The wife's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Family Court.

*Alan H. Pearlman,* for petitioner.

*Kirshenbaum & Kirshenbaum,* Alfred Factor, for respondent.