STATE

v.

**John ERBEN.**

**80-447-Appeal.**

Supreme Court of Rhode Island.

July 28, 1983.

Dennis J. Robert II, Atty. Gen., Jeffrey B. Pine, Sp. Asst. Atty. Gen., for plaintiff.

Barry H. Best, R.I. Legal Services, Linda Katz, R.I. Legal Services, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is the defendant's appeal from a Family Court decree denying his motion to vacate an order of support.

The defendant, John Erben, and his wife, Linda Erben, were separated in June 1978. The defendant left the family and the domicile. Linda applied for and received benefits for herself and her two children under the Aid to Families with Dependent Children program (AFDC). As a condition of eligibility for these benefits, Linda assigned to the state all of her rights to receive support moneys that defendant might owe for the support of their two children.[1] In November 1978 the Erbens reconciled, and Linda withdrew from participation in the AFDC program.

---

1. This assignment is required by federal statute. 42 U.S.C.A. § 602(a)(26) (West Supp. 1975–1982).

The state filed a petition for support on January 15, 1979. The petition alleged that defendant, for the period of June 22, 1978, to November 9, 1978, had neglected to provide fair and reasonable support for Linda and their two children and that, consequently, Linda had been the recipient of AFDC assistance totaling $1,025.98. The petition further alleged that the state was entitled to reimbursement of that amount from defendant.

The defendant appeared, without counsel, at a hearing before a Family Court master on March 12, 1979. He acknowledged his responsibility to reimburse the state and agreed to pay $20 per month on the agreed sum of $1,025.98, beginning April 1, 1979. An order was issued to that effect.

The defendant fell behind in the payments due under the order, and the state filed a petition to adjudge him in contempt. The defendant subsequently engaged counsel who filed a motion to vacate the original order on defendant's behalf. A hearing on the state's petition and defendant's motion was held on April 28, 1980. The Family Court master denied defendant's motion to vacate and took no action on the state's motion to hold defendant in contempt. The defendant appealed the denial of his motion to the chief justice of the Family Court. After a hearing on June 12, 1980, the court sustained the finding of the master and upheld his denial of defendant's motion. The defendant now appeals the final judgment of the Family Court.

On appeal, defendant contends that the Family Court had no authority to order him to reimburse the state and that the denial of his motion was therefore error. He maintains that the Family Court was without jurisdiction to enter its order. We disa-

gree and affirm the order of the Family Court.

■ Motions to vacate are addressed to the sound discretion of the court; and absent an abuse of that discretion or a showing that the trial justice made his determination upon an erroneous reading of the law, that determination will not be disturbed on review. *In Re Julie,* 114 R.I. 419, 422, 334 A.2d 212, 214 (1975); *see Pasquazzi v. Pasquazzi,* 119 R.I. 554, 555, 381 A.2d 233, 233 (1977).

■ In the instant case, the state filed a petition for support under the provisions of the Rhode Island Uniform Reciprocal Enforcement of Support Act (URESA),[2] after Linda's termination from public assistance. The defendant appeared before a Family Court master and was ordered to pay $20 per month in reimbursement of the AFDC benefits provided to his family. It is defendant's contention that the Family Court had no authority to enter such an order. We disagree.

At the time of the hearing below,[3] G.L. 1956 (1969 Reenactment) § 15–11–14 provided that

"[w]henever the state or a political subdivision thereof *has furnished support* or is currently furnishing support to an obligee it shall have the same right to invoke the provisions hereof as the obligee to whom the support was furnished for the purpose of securing *reimbursement of expenditures so made.*" (Emphasis added.)

As we stated in *Santiago v. Santiago,* R.I., 412 A.2d 222, 225 (1980), this statute "recognizes the state's right to be reimbursed by a father for 'expenditures' made by the state to support an individual who should have been receiving paternal support."

---

**2.** The Uniform Reciprocal Enforcement of Support Act (URESA) has been enacted in some form in all fifty states. It is an attempt to provide a consistent statutory mechanism for enforcing spousal- and child-support orders on an interstate basis. This statutory enforcement mechanism may also be used to implement a support order within a state. *See Sardonis v. Sardonis,* 106 R.I. 469, 261 A.2d 22 (1970); Fox, *The Uniform Reciprocal Enforcement of Sup-*

*port Act,* 12 Family L.Q. 113 (1978). The Rhode Island URESA provisions are contained in G.L.1956 (1981 Reenactment) §§ 15–11–1 through 15–11–42.

**3.** The act was amended by P.L.1979, ch. 260, § 2, subsequent to the initial hearing on this matter on March 12, 1979.

The procedure by which Linda assigned her right to support to the state is mandated by federal statutes and regulations. This federal scheme requires that a state AFDC plan provide, as a condition of eligibility, that each applicant or recipient assign his or her right to support from any other person to the state.[4] Federal regulations also provide for the termination of the assignment of support rights when a family stops receiving assistance, except with respect to unpaid support obligations that occurred under an assignment.[5]

Relying on the foregoing, the chief judge of the Family Court upheld the decision of the master, denying defendant's motion to vacate the order of support. We do not believe that the decision below was based on an erroneous reading of the law.

The defendant contends, however, that his obligation to reimburse the state could not accrue in the absence of a prior court order. We are not persuaded by this argument. Under defendant's theory, the state would have no right to reimbursement after the reconciliation of the parties if it had not previously obtained an order of support. This interpretation is contrary to public policy in that it would make it virtually impossible for the state to prevent fraudulent separations and reconciliations of a temporary nature.

Although the state has a right to reimbursement, there remains the question of whether the amount to which the state is entitled must be based on a factual determination of the needs of the children and the ability of defendant to pay, as defendant contends. We need not reach that question since defendant appeared before the family court, acknowledged his obligation, and agreed to reimburse the state at the rate of $20 per month. There is no indication in the record that the court did not consider defendant's ability to pay in fashioning its order. The amount of a support award is a discretionary determination to be made by a trial justice, which will not be disturbed by this court absent an abuse in the exercise of that discretion. *Sullivan v. Sullivan,* R.I., 460 A.2d 1248, 1249 (1983); *Paradiso v. Paradiso,* R.I., 404 A.2d 60, 61 (1979). We do not find the order of the Family Court requiring defendant to pay $20 per month to be an abuse of discretion.

Another issue defendant raises on appeal is whether the state's failure to obtain an order of support, prior to the time the parties reconciled, gives rise to the equitable defense of laches in favor of defendant. In light of the relatively short period of separation, we do not find that the state was guilty of unexplained or inexcusable delay in this matter, resulting in prejudice to defendant. *See Pukas v. Pukas,* 104 R.I. 542, 545–46, 247 A.2d 427, 429 (1968).

At the time this matter was heard, § 15–11–15 provided that jurisdiction of all proceedings under the act shall be vested in the Family Court. We recognized this legislative grant of jurisdiction in *Sardonis v. Sardonis,* 106 R.I. 469, 470–71, 261 A.2d 22, 23 (1970). We stated there that

> "[j]urisdiction is vested in the Family Court, and the support obligation is enforceable even in those situations where both the person responsible for support and the one claiming it are to be found in this State."

In the matter before this court, the state properly maintained an action for reimbursement under the provisions of URESA. The Family Court had jurisdiction to hear the petition, and the defendant cannot now collaterally attack that jurisdiction.

The defendant's appeal is denied and dismissed. The decree appealed from is affirmed. The papers in the case are remanded to the Family Court.

---

4. 42 U.S.C.A. § 602(a)(26) (West Supp. 1975–1982).

5. 45 C.F.R. § 302.51(f) (1982).