Lucille **HEALY**

v.

Stephen C. **HEALY.**

No. 94–588–A.

Supreme Court of Rhode Island.

Oct. 26, 1995.

Joseph McGair, West Warwick.

John McCann, Pawtucket.

### ORDER

This case came before a hearing panel of the Supreme Court for oral argument on October 17, 1995, pursuant to an order that directed both parties to show cause why this appeal should not be summarily decided. In this case the defendant, Stephen C. Healy, has appealed from an order of the Family Court that modified a final judgment of divorce between the parties.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel we are of the opinion that cause has not been shown, and thus the case will be decided at this time.

At issue in this appeal was a provision of the final judgment of divorce namely, paragraph 9, entered on June 15, 1990, that directed that the marital domicile would be vacated by defendant, that it would be appraised "forthwith," and that plaintiff should pay to defendant one half of the equity of the home (calculated by subtracting from the appraised value the then outstanding mortgage of about $31,000) minus an adjustment of $4,750. In return, defendant would transfer to plaintiff all his right, title and interest in the marital domicile. Paragraph 9 also directed that "the wife [plaintiff] shall be responsible for the mortgage, equity line of credit, and all other expenses in connection with the marital domicile." According to defendant, the equity line of credit totalled $16,400 as of March 1990.

Because plaintiff was unable to buy out defendant's interest in the property, plaintiff remained in the house with the consent of defendant for three years until the property

was sold in 1993. At that time, the property was sold by mutual agreement of plaintiff and defendant, and plaintiff thereafter sought a modification of the final judgment alleging a change in circumstances. The defendant, however, filed a motion seeking disbursement of the proceeds of the sale pursuant to the terms of the final judgment plus interest accrued from the date the property was to be sold in 1990.

In June 1994, a Family Court justice granted plaintiff's motion for modification, and divided the equity proceeds from the sale equally between plaintiff and defendant, minus the adjustment. The defendant's motion was denied. The justice found that the parties, by their own actions, had in fact modified the terms of the final judgment. The defendant appealed, arguing that he was being "punished" for not having previously sought to enforce the terms of the final judgment.

It has been well established by this Court that a trial justice's decision to modify a final judgment is "entitled to great weight and will not be disturbed on review unless based upon a misconception or oversight of material evidence or otherwise clearly wrong." *Pasquazzi v. Pasquazzi*, 119 R.I. 554, 555, 381 A.2d 233, 234 (1977). In this case, however, it is clear that the justice erred by totally ignoring the directive of paragraph 9 in respect to the equity line of credit. Although the justice certainly had discretion to modify that provision, we are of the opinion that it was error to eliminate it totally.

Therefore, we vacate the order of the Family Court and remand this case to the Family Court for a recalculation of the distribution of proceeds of the sale of the domicile that takes into account the equity line of credit.

MURRAY and SHEA (Ret.), JJ., did not participate.